**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS
SÃO PAULO

Elise M. Bloom
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

January 24, 2008



**By Hand**

Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Gerafino et al. v. Jean-Georges Enterprises, LLC et al., 07 cv 6729

Dear Judge Sullivan:

We represent Jean-Georges Enterprises, LLC et al., ("Jean-Georges") in the above referenced matter. We write in response to Plaintiffs' counsel's January 21, 2008 letter requesting a pre-motion conference in anticipation of Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b). For the reasons set forth herein, Jean-Georges respectfully requests that Your Honor not order a pre-motion conference since Plaintiffs' anticipated motion is premature and while there would be no prejudice with not proceeding with the motion at this time, there would be unnecessary expenses to Jean-Georges if the motion proceeds.

Plaintiffs' allege claims under the FLSA 29 U.S.C. § 201, et seq., the New York Labor Law §§§§ 650 et. seq., 193, 196-d and 198-b, the New York State Minimum Wage Act and 12 N.Y.C.R.R. § 137-1.7.[1] Specifically, Plaintiffs claim that (a) Jean-Georges did not compensate the proposed class properly for overtime worked, (b) Jean-Georges did not pay them for all hours worked, (c) Jean-Georges illegally retained portions of their tips by allowing persons with managerial authority and other non-traditional employees to share in the tip-pools at the various restaurants owned by Jean-Georges, and (d) Jean-Georges did not properly compensate them

---

[1] Jean-Georges will not address Plaintiffs' New York state law claims since Plaintiffs are not currently seeking to certify their New York state claims pursuant to FED. R. CIV P. 23.

PROSKAUER ROSE LLP

Hon. Robert J Sullivan
January 24, 2008
Page 2

New York's "spread of hours" premium for days in which they worked in excess of ten (10) hours.

While this Court has discretion to authorize the sending of notices to potential class members and to direct an employer to disclose the names and addresses of similarly situated potential plaintiffs in a collective action brought pursuant to Section 216(b) of the FLSA, as a threshold matter, Plaintiffs must demonstrate that potential class members are "similarly situated." *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). *See also, e.g., Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007); *Prizmic v. Armour, Inc.*, No. 05-cv-2503, 2006 U.S. Dist. LEXIS 42627, at *4 (E.D.N.Y. June 12, 2006).

While Plaintiffs' burden at this stage is minimal, "mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic*, 2006 U.S. Dist. LEXIS 42627, at *6 (denying conditional certification and authorization of notice where plaintiffs failed to provide necessary minimal factual showing); *see also Morales v. Plantworks, Inc.*, No. 05-cv-2349, 2006 U.S. Dist. LEXIS 4267, at *6 (S.D.N.Y. Feb. 1, 2006) (denying motion for class certification and court authorized notice where plaintiff offered only conclusory allegations in complaint regarding common policy or plan); *Diaz v. Elec. Boutique of America*, No. 04-cv-0840E, 2005 U.S. Dist. LEXIS 30382, at *12 (W.D.N.Y. Oct. 13, 2005) (denying conditional certification, notice to, and discovery about potential class members where plaintiff did not make requisite factual showing). Plaintiffs must submit actual evidence of a "factual nexus" between their situation and those persons they claim are similarly situated. *Prizmic*, 2006 U.S. Dist. LEXIS 42627, at *7. Mere "conclusory allegations" will not suffice. *Id.* Otherwise, the employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Id.* (*quoting D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995).

This case is in its initial stages. There has been very limited discovery (both parties have served document requests on each other). As a result, at this stage, Plaintiffs are relying solely upon the allegations in their Amended Complaint in seeking the Court's authorization to send out opt-in notices and the scope of individuals to whom those notices should be directed. Jean-Georges disputes Plaintiffs' definition of "Covered Employees." Plaintiffs allege to "bring this action on behalf of all hourly employees, including but not limited to servers, bussers and runners." In addition, Plaintiffs seek to amend their First Amended Complaint and include bartenders and/or barbacks. As Plaintiffs correctly point out, Jean-Georges will not consent to Plaintiffs request to amend their First Amended Complaint to include bartenders and/or barbacks because it maintains that these individuals are not similarly situated. Second, Jean-Georges believes that to the extent any Plaintiffs or opt-ins are similarly situated, the collective class should be limited to servers. Finally, since the Court has not yet determined which employees are in fact "similarly situated" it should not order opt-in notices to be sent out. Such an order, at this stage of the litigation would be unnecessary, costly and constitute a "fishing expedition." *See Prizmic*, 2006

**PROSKAUER ROSE LLP**

Hon. Robert J Sullivan
January 24, 2008
Page 3

U.S. Dist. LEXIS 42627, at *7; *D'Anna.*, 903 F. Supp. 889, at 893-94. Thus, Plaintiffs have no basis for requesting that the Court authorize the sending of notices to potential opt-ins at this juncture, and any motion to that effect is premature.

Finally, Plaintiffs' statement that the only way to prevent the progressive loss of claims is by sending out opt-in notices is simply false and not supported by the very statute under which they are suing. The FLSA has an opt-in mechanism, but any individual who believes their rights have been violated can bring an individual action. In fact, individual FLSA claims are initiated everyday. Other than giving Plaintiffs' counsel an opportunity to search for additional plaintiffs there is no reason to send notices at this juncture.

For all of the above reasons, we respectfully request that Your Honor not order a pre-motion conference.

Respectfully submitted,

*[signature]*

Elise M. Bloom

cc:    Maimon Kirschenbaum (by email)

*[Handwritten note:]* The parties shall appear for a pre-motion conference on January 31, 2008 at 3:30pm.

SO ORDERED
Dated: 1/25/08
RICHARD J. SULLIVAN
U.S.D.J.

6264/40909-002 Current/10595534v2