UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

ISAIAH GERAFINO, LENFORD
JOHNSTON, SARA FAUST, SUKOL
PHAIROJ, CHELSEA LINDMAN
VIRGINIA WORLEY, ROSALINA
WALTER and THOMAS CAMPBELL on
behalf of themselves and all other similarly
situated,

               Plaintiffs,

        -against-

JEAN-GEORGES ENTERPRISES, LLC;
JEAN-GEORGES MANAGEMENT LLC;
PERRY STREET PROJECT LLC;
TRIOMPHE RESTAURANT CORP. d/b/a
JEAN GEORGES RESTAURANT and
NOUGATINE; ORIGINE LLC d/b/a JOJO
RESTAURANT; SPICE MARKET LLC;
LEONARD STREET LLC d/b/a 66
RESTAURANT; JEAN-GEORGES
VONGERICHTEN and JOHN DOES 1-10

              Defendants.

------------------------------------------------------- x

Civil Action No.: 07-6729 **(RJS) (JCF)**

**DEFENDANT SPICE MARKET LLC'S
ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT**

      Defendant Spice Market LLC ("Spice Market"), for its answer and affirmative defenses

to Plaintiffs Isaiah Gerafino's, Lenford Johnston's, Sara Faust's, Sukol Phairoj's, Chelsea

Lindman's, Virginia Worley's, Rosalina Walter's and Thomas Campbell's (collectively

"Plaintiffs") Complaint, in paragraphs numbered to correspond with the actual numbers in the

Complaint itself, states as follows:

## AS TO JURISDICTION AND VENUE

      1. Paragraph 1 of the Complaint requires no response.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint, except admits that Plaintiffs allege that this Court has original federal question jurisdiction under 28 U.S.C.§ 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and that they further allege this Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint, except admits that Plaintiffs allege venue is proper in this Court.

<u>**AS TO THE PARTIES**</u>

4. Paragraph 4 of the Complaint requires no response.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies each and every allegation contained in Paragraph 6 of the Complaint, except admits that Jean-Georges Management, LLC is a New York Limited Liability Corporation headquartered in New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 is duplicative of Paragraph 9 and requires no additional response.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint.

## AS TO FLSA COLLECTIVE ACTION ALLEGATIONS

19. The allegations in Paragraph 19 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Denies each and every allegation set forth in Paragraph 20 of the Complaint.

21. Denies each and every allegation contained in Paragraph 21 of the Complaint.

## AS TO RULE 23 ALLEGATIONS – NEW YORK

22. Denies each and every allegation set forth in Paragraph 22 of the Complaint, except admits that Plaintiffs allege that they are bringing the Third, Fourth, Fifth, and Sixth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt persons employed by Defendant at any New York location as a server, runner, busboy and/or captain on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23. Denies each and every allegation contained in Paragraph 23 of the Complaint.

6264/40909-002 Current/10541731v1

24. Denies each and every allegation contained in Paragraph 24 of the Complaint, except admits Plaintiffs allege the proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court, and that although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are more than one hundred (100) members of the Class.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Denies each and every allegation contained in Paragraph 29 (a-h, inclusive), of the Complaint.

## AS TO THE FACTS

30. Denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Paragraph 32 states a legal conclusion for which no response is required.

33. Paragraph 33 states a legal conclusion for which no response is required.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint.

35. Denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Denies each and every allegation contained in Paragraph 36 (a-d, inclusive) of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Denies each and every allegation contained in Paragraph 38 of the Complaint.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

6264/40909-002 Current/10541731v1

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint.

**AS TO "THE FIRST CLAIM FOR RELIEF"**
**(FLSA Claims, 29 U.S.C. §§ 201, _et seq._, Brought by Plaintiffs**
**on Behalf of Themselves and the FLSA Collective Plaintiffs)**

42. Repeats and realleges its answers and responses to Paragraphs 1 through 41, inclusive, as if set forth in full herein in response to Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

**AS TO "THE SECOND CLAIM FOR RELIEF"**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201, _et seq._, Brought**
**by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

46. Repeats and realleges its answers to Paragraphs 1 through 45, inclusive, as if set forth in full herein in response to Paragraph 46 of the Complaint.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

**AS TO "THE THIRD CLAIM FOR RELIEF"**
**(New York State Minimum Wage Act, New York**
**Labor Law §§ 650, _et seq._, Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

51. Repeats and realleges its answers to Paragraphs 1 through 50, inclusive, as if set forth in full herein in response to Paragraph 51 of the Complaint.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Paragraph 55 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to liquidated damages.

**AS TO "THE FOURTH CLAIM FOR RELIEF"**
**(New York Minimum Wage Act, N.Y. Stat. §650, *et seq*.,**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

56. Repeats and realleges its answers to Paragraphs 1 through 55, inclusive, as if set forth in full herein in response to Paragraph 56 of the Complaint.

57. Paragraph 57 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Paragraph 60 states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies Plaintiffs are entitled to liquidated damages.

**AS TO "AS AND FOR THE FIFTH CLAIM FOR RELIEF"**
**(Illegal Pay Deductions and Deductions from**
**Gratuities, N.Y. Lab. L. §§§ 193, 196-d and 198-b**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

61. Repeats and realleges its answers to Paragraphs 1 through 60, inclusive, as if set forth in full herein in response to Paragraph 61 of the Complaint.

62. Denies each and every allegation contained in Paragraph 62 of the Complaint.

63. Denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

6264/40909-002 Current/10541731v1

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitle to liquidated damages.

## AS TO "THE SIXTH CLAIM FOR RELIEF"
### (New York Spread of Hours Provisions, N.Y. Lab. L.
### § 650 *et seq.*, and N.Y. Comp Code R. & Regs. tit. 12, § 137-1.7,
### Brought by Plaintiffs on Behalf of Themselves and the Class)

66. Repeats and realleges its answers to Paragraphs 1 through 65, inclusive, as if set forth in full herein in response to Paragraph 66 of the Complaint.

67. Denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Plaintiffs are entitled to liquidated damages.

## PRAYER FOR RELIEF

Defendant denies the allegations in the WHEREFORE clause of the Complaint, (a-h inclusive), and further denies that Plaintiffs are entitled to any relief demanded therein or any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

7

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If Defendant is found to have failed to pay Plaintiffs, and/or any putative member of the purported FLSA Collective Action defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA wage and hour laws.  Further, the actions taken or omitted by Defendant were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. §259.

Consequently, Defendant has not acted in reckless disregard of the FLSA and, accordingly, has not engaged in any willful violation of the FLSA.  By reason of the foregoing, Plaintiffs and/or any putative member of the purported FLSA Collective Action are not entitled to liquidated damages.  Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary claims, and the claims of the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action defined in the Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant denies that it acted unlawfully or improperly toward Plaintiffs and the putative members of the purported FLSA Collective Action defined in the Complaint.  However, with regard to any potential award to Plaintiffs and/or the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action for alleged unpaid wages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all

8

overpayments to Plaintiffs and/or putative members of the purported FLSA Collective Action, and/or all obligations of Plaintiffs or putative members of the purported FLSA Collective Action owed to Defendant, against any judgment that may be entered against Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The types of claims alleged by the named Plaintiffs of the purported FLSA Collective Action defined in the Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a Collective Action pursuant to Section 216(b) of the FLSA and/or the New York Labor Law Class Action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

There is no class of persons similarly situated to the Plaintiffs with respect to the application of the FLSA and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA and/or as a class action under the New York Labor Law.

## AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

The named Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred, in whole or in part, because Plaintiffs have unclean hands.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the alleged class of person which Plaintiffs purport to represent, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppel.

6264/40909-002 Current/10541731v1

<u>**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs are inadequate representatives of the alleged class of persons which Plaintiffs purport to represent, the existence of which is expressly denied.


**WHEREFORE**, Defendant respectfully requests that this Court:

a.      Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b.      Deny each and every request for relief contained in Plaintiffs' Complaint;

c.      Award Defendant its reasonable attorneys' fees and legal expenses;

d.      Award Defendant its costs and disbursements incurred in defense of this action; and

e.      Award Defendant any other relief the Court deems just and proper.



PROSKAUER ROSE LLP
1538 Broadway
New York, NY 10036-8299
(212) 969-3000



Dated:  February 5, 2008            By: s/Elise M. Bloom_____
       New York, New York

                    Elise M. Bloom
                    Steven D. Hurd

                 ATTORNEYS FOR DEFENDANT

6264/40909-002 Current/10541731v1