D. Maimon Kirschenbaum (DK-2338)
Charles Joseph (CJ-9442)
Diane Hester (DH-4337)

Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

*Attorneys for Plaintiffs and proposed collective
action members*

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E.
GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
(212) 983-8999 Phone

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**ISAIAH GERAFINO, LENFORD
JOHNSTON, SARA FAUST, SUKOL
PHAIROJ, CHELSEA LINDMAN,
VIRGINIA WORLEY, ROSALINA
WALTER and THOMAS CAMPBELL on
behalf of themselves and all others similarly
situated,**

                **Plaintiffs,**

      **v.**

**JEAN GEORGES ENTERPRISES, LLC.,** *et
al.*

                **Defendants.**
-------------------------------------------------------x

**INDEX NO: 07-cv-06729 (RJS)**


**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION FOR
CONDITIONAL COLLECTIVE
CERTIFICATION AND FOR COURT
FACILITATION OF NOTICE
PURSUANT TO 29 U.S.C. § 216(b)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................ii

MEMORANDUM .........................................................................................................1

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ..........................................................................................................3

LEGAL ARGUMENT..................................................................................................7

I.    *HOFFMANN-LA ROCHE* NOTICE SHOULD BE ORDERED IN THIS CASE...7

    A.  Sending Expedited Notice To "Similarly Situated" Servers Fulfills
        The FLSA's Broad Remedial Purposes. ........................................................8

    B.  Notice Is Appropriate Because Plaintiff Is "Similarly Situated" To
        Other Jean Georges Servers. ........................................................................11

II.   DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS
      PROPER AND NECESSARY UNDER *HOFFMAN-LAROCHE* . ..............13

III. THE PROPOSED NOTICE IS FAIR AND ADEQUATE.......................................14

CONCLUSION...........................................................................................................15

# TABLE OF AUTHORITIES

*Ayres v. 127 Restaurant Corporation*,
12 F. Supp. 2d 305 (S.D.N.Y. 1998) ...............................................................4, 5, 13

*Braunstein v. E. Photographic Laboratories*,
600 F.2d 335 (2d Cir. 1975) .................................................................................8, 11

*Bursell v. Tommy's Seafood Steakhouse*,
Civ. No. H-06-0386,
2006 WL 3227334 (S.D. Tex. Nov. 3, 2006) ...........................................................14

*Centeno-Bernuy v. Perry*,
302 F. Supp. 2d 128 (W.D.N.Y. 2003) .....................................................................14

*Chan v. Sung Yue Tung Corporation*,
 03 Civ. 6048 (GEL),
2007 WL 313483 (S.D.N.Y. Feb. 1, 2007) ...............................................................13

*Chung v. New Silver Palace Restaurant*,
246 F. Supp. 2d 220 (S.D.N.Y. 2002) ..................................................................4, 13

*Cuzco v. Orion Builders, Inc.*,
477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) .......................................................8, 9, 13

*Dominguez v. Don Pedro Restaurant*,
No. 2:06 cv 241,
2007 WL 271567 (N.D. Ind. Jan. 25, 2007) .............................................................14

*Fasanelli v. Heartland Brewery, Inc.*,
516 F. Supp. 2d 317 (S.D.N.Y. 2007) .......................................................8, 9, 12, 13

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
282 F. Supp. 2d 91 (S.D.N.Y. 2003) ...............................................................9, 10, 11

*Guzman v. VLM, Inc.*,
No. 07-CV-1126 (JG)(RER),
2007 WL 2994278 (E.D.N.Y. Oct. 11, 2007)..............................................................9

*Hoffman v. Sbarro, Inc.*,
982 F. Supp. 249 (S.D.N.Y. 1997) .................................................................8, 9, 10, 11

*Hoffmann-La Roche Inc. v. Sperling*,
493 U.S. 165 (1989)............................................................................................. *passim*

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
239 F.R.D. 363 (S.D.N.Y. 2007) ...........................................................................9, 11

*Jackson v. New York Telephone Company,*
163 F.R.D. 429 (S.D.N.Y 1995) .........................................................................14

*Krueger v. New York Telephone Company,*
Nos. 93 CIV. 0178-79
1993 WL 276058 (S.D.N.Y. July 21, 1993) ...........................................................11

*Lee v. ABC Carpet & Home*,
236 F.R.D. 193 (S.D.N.Y. 2006) ...................................................................2, 9, 14

*Legrand v. Education Management Corporation,*
No. 03-9798,
2004 WL 1962076 (S.D.N.Y. Sept. 2, 2004)..........................................................13

*Levy v. Verizon Information Services*,
Nos. 06 CV 1583(NG)(SMG), 06 CV 5056(NG)(SMG),
2007 WL 1747104 (E.D.N.Y. June 11, 2007) ...................................................10, 11

*Lynch v. United Services Automobile Association,*
491 F. Supp. 2d 357 (S.D.N.Y. 2007) ...............................................................11, 12

*Masson v. Ecolab, Inc.,*
No. 04 Civ. 4488, 2005 WL 2000133
(S.D.N.Y. Aug. 17, 2005)...................................................................2, 9, 10, 12, 14

*Mazur v. Olek Lejbzon & Company*,
No. 05 Civ. 2194 (RMB) DF,
2005 WL 3240472 (S.D.N.Y. Nov. 30, 2005) ..............................................9, 10, 13

*Patton v. Thomson Corporation,*
364 F. Supp. 2d 263 (E.D.N.Y. 2005) ............................................................ 10, 11

*Mitchell DeMaria Jewelry, Inc.,*
361 U.S. 288 (1960).................................................................................... 14

*Realite v. Ark Restaurants, Corporation,*
7 F. Supp. 2d 303 (S.D.N.Y. 1998) ............................................................10, 13, 14

*Roebuck v. Hudson Valley Farms, Inc.,*
239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)............................................................13

*Reich v. Davis*,
50 F.3d 962 (11th Cir. 1995) ...........................................................................14

*Schwed v. General Electric Company,*
159 F.R.D. 373 (N.D.N.Y. 1995) .......................................................................13

*Sipas v. Sammy's Fishbox, Inc.,*
No. 05-CV-10319,
2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006) ..........................................................................14

*Thiessen v. General Electric Capital Corporation*,
267 F.3d 1095 (10th Cir. 2001) ...............................................................................................8

*Toure v. Central Parking Systems of New York*,
No. 05 Civ. 5237(WHP),
2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007)...........................................................................9

*Young v. Cooper Cameron Corporation,*
229 F.R.D. 50 (S.D.N.Y. 2005) .......................................................................................10, 13

*Zhao v. Benihana, Inc.*,
No. 01 Civ. 1297(KMW)**,**
2001 WL 845000 (S.D.N.Y. May 7, 2001) ....................................................................9, 11, 14

## FEDERAL STATUTES

29 U.S.C. §§ 201 *et seq* ........................................................................................... *passim*

29 U.S.C. § 203(m) .................................................................................................3, 13

29 U.S.C. § 206(a) (1)....................................................................................................13

29 U.S.C. § 215(a)(3) ...................................................................................................14

29 U.S.C. §216(b) ..................................................................................................... *passim*

29 U.S.C. §255......................................................................................................................8

29 U.S.C. §§ 256(b).........................................................................................................2, 8

Federal Rule of Civil Procedure 23 ..................................................................................1, 8, 9

Plaintiffs Isaiah Gerafino, Lenford Johnston, Sara Faust, Sukol Phairoj, Chelsea Lindman, Virginia Worley, Rosalina Walter, and Thomas Campbell (collectively with the opt-ins, "Plaintiffs")[1] submit this memorandum in support of their motion for conditional collective certification and for court facilitation of notice pursuant to 29 U.S.C. § 216(b) with regard to their FLSA claims.[2]

## PRELIMINARY STATEMENT

Plaintiffs – a group of restaurant workers – filed this case in an attempt to recover their unpaid wages from Defendants Jean-Georges Enterprises, LLC, Jean-Georges Management LLC, Perry Street Project LLC, Triomphe Restaurant Corp. LLC and Jean-Georges Vongerichten (collectively, "Defendants" or "Jean Georges") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").  Plaintiffs also seek to change Defendants' unlawful wage and hour practices.

Jean Georges is and has been paying its tipped employees less than the minimum wage while illegally retaining a portion of their tips by forcing them to share their tips with Jean Georges management.  This is a clear violation of the FLSA.

Plaintiffs make this instant motion in order to protect the interests of similarly

---

[1]    Since filing this lawsuit, 27 other plaintiffs have opted into this case.  (Declaration of D. Maimon Kirschenbaum, dated February 19, 2008 ("Kirschenbaum Decl."))

[2]    In support of their motion, Plaintiffs submit the following:  Kirschenbaum Decl. and Exhibit A thereto; Declaration of Isaiah Gerafino, dated January 17, 2008 ("Gerafino Decl."); Declaration of Lenford Johnston, dated January 18, 2008 ("Johnston Decl."); Declaration of Sara Faust, dated January 16, 2008 ("Faust Decl."); Declaration of Angel Leon, dated January 23, 2008 ("Leon Decl."); Declaration of Arthur Charnesky, dated January 23, 2008 ("Charnesky Decl."); Declaration of Brooke Edwards, dated January 16, 2008 ("Edwards Decl."); Declaration of Chelsea Lindman, dated January 18, 2008 ("Lindman Decl."); Declaration of Golam Chowdhury, dated January 20, 2008 ("Chowdhury Decl."); Declaration of Rosalina Walter, dated  January 18, 2008 ("Walter Decl."); Declaration of Timothy Bern, dated  January 23, 2008 ("Bern Decl."); Declaration of Victor Melendez, dated February 13, 2008 ("Melendez Decl."); Declaration of Virginia Worley, dated January 17, 2008 ("Worley Decl."); and Declaration of Mark Buettler, dated January 21, 2008 ("Buettler Decl.").

situated Jean Georges servers by providing them with notice of this case. In an FLSA

opt-in collective action – unlike a Rule 23 class action which tolls the running of the

statute of limitations for absent plaintiffs – the statute of limitations is tolled only when

and for those plaintiffs that consent in writing to join the suit. 29 U.S.C.A. § 256.

Absent notice at this time, potential collective action members' FLSA rights will be

prejudiced, the FLSA's remedial purposes frustrated, and judicial economies lost.

Employees, such as Plaintiffs, who are being paid less than the minimum wage are

particularly unlikely to have the resources to pursue their lost wages on an individual

basis. If their claims are not collectively pursued, many claims will go unheard and Jean

Georges' unlawful practices unchallenged.

It is well-settled that "[t]he standard for certification at this stage is a lenient one

that typically results in certification." *Masson v. Ecolab, Inc.,* No. 04 Civ. 4488, 2005

WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005); *Lee v. ABC Carpet & Home*, 236 F.R.D.

193, 197 (S.D.N.Y. 2006). Plaintiffs need only make a minimal showing that they and

the other members of the proposed collective action are "similarly situated," typically

consisting of the Complaint's allegations and a small number of declarations. *Id.* Here,

Plaintiffs' pleadings and numerous declarations plainly demonstrate that they are

similarly situated to the proposed collective action members.

Thus, by the instant motion, Plaintiffs ask the Court for:

(1)     Conditional certification of this action as a representative

collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all Jean

Georges employees in any tipped position, including but not limited to captains,

servers, runners, bussers, bartenders and/or barbacks ("Covered Employees")

within the last three years;

2

(2)    Court facilitated notice of this FLSA action to the Covered

Employees in the form of Exhibit A hereto;

(3)    Production of names, last known mailing addresses, alternate

addresses, all telephone numbers, Social Security numbers, work locations, and

dates of employment of all Covered Employees; and

(4)    Posting of the Notice, along with the consent forms, in a place

where putative plaintiffs are likely to view it.

## BACKGROUND

Defendants collectively own/operate(d) a number of restaurants in Manhattan.

Plaintiffs, who work as tipped employees at Jean Georges (at various locations), bring

this action for unpaid wages on behalf of themselves and all Covered Employees.

Defendants systematically pay Plaintiffs and the rest of the Covered Employees

less than the federal minimum wage of $5.15 per hour ($5.85 as of July 2007),[3] taking a

purported "tip credit" against the minimum wage under the FLSA.  *See* 29 U.S.C.A.

§ 203(m).  Jean Georges requires its tipped employees to participate in a mandatory tip

pool arrangement.[4]  In fact, when one employee complained about having to pool his tips,

he was expressly told he "had no choice."  (Gerafino Decl. ¶ 5)[5]  The terms of the tip

pool are maintained and enforced by the restaurant's management and are uniform at the

---

[3]    Bern Decl. ¶2; Buettler Decl. ¶3; Charnesky Decl. ¶2; Chowdhury Decl. ¶2; Edwards Decl.
¶3; Faust Decl. ¶3; Gerafino Decl. ¶2; Johnston Decl. ¶2; Leon Decl. ¶2; Lindman Decl. ¶2;
Melendez Decl. ¶2; Walter Decl. ¶¶3-4; Worley Decl. ¶¶3-4.

[4]    Bern Decl. ¶¶3-4; Buettler Decl. ¶¶4-5; Charnesky Decl. ¶¶3-4; Chowdhury Decl. ¶¶3-4;
Edwards Decl. ¶¶4-5; Faust Decl. ¶¶4-5; Gerafino Decl. ¶¶3-4; Johnston Decl. ¶¶3-4; Leon
Decl. ¶¶3-4; Lindman Decl. ¶¶3-4; Melendez Decl. ¶¶3-4; Walter Decl. ¶¶3-4; Worley Decl.
¶¶3-4.

[5]    See also Charnesky Decl. ¶6.

various restaurant locations.[6]

Typically, a tip-pool means that all tips are collected in a pool and then divided up among the tipped employees. However, the FLSA provides that in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, otherwise, they must pay their employees the full hourly minimum wage. The Jean Georges tip pool that the Covered Employees are required to participate in has participants whose primary service is management, rather than traditional tipped employee duties, which entail interaction with customers.[7] By paying management from money diverted from the Covered Employees' tip pool, Jean Georges essentially is paying for its managers from the tips that are left by customers for the Covered Employees. This is a violation of the FLSA. *Chung v. New Silver Palace Rest.,* 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) ("The taking of shares of waiters' tips by [persons] with managerial authority . . . violates the statutory condition that "all tips" received by the waiters and busboys be "retained" by the waiters and busboys."); *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) ("Because [a manager who participated in the tip pool] 'd[id] not qualify for the tip credit . . ., tips received by plaintiffs may not be considered as part of wages paid to them for purposes of satisfying defendant's minimum wage obligations.'") (citation omitted).

Plaintiffs and the declarants have provided the specific names of the managers

---

[6]    Bern Decl. ¶4; Buettler Decl. ¶5; Charnesky Decl. ¶4; Chowdhury Decl. ¶4; Edwards Decl. ¶5; Faust Decl. ¶5; Gerafino Decl. ¶4; Johnston Decl. ¶4; Leon Decl. ¶4; Lindman Decl. ¶4; Melendez Decl. ¶4; Walter Decl. ¶4; Worley Decl. ¶4.

[7]    Bern Decl. ¶5; Buettler Decl. ¶6; Charnesky Decl. ¶5; Chowdhury Decl. ¶5; Edwards Decl. ¶6; Faust Decl. ¶6; Gerafino Decl. ¶5; Johnston Decl. ¶5; Leon Decl. ¶5; Lindman Decl. ¶5; Melendez Decl. ¶5; Walter Decl. ¶5; Worley Decl. ¶5.

who illegally participate in the tip pool.[8]  Despite the fact that Jean Georges attempted to

evade the law by having these managers participate in the tip pool under a variety of job

titles such as "maitre d,"[9] the record shows that these are precisely the type of persons

that the FLSA does not allow to share tips.  They are salaried[10] – not hourly employees –

whose job functions clearly make them management.  Jean Georges' managers' primary

job duties include: (a) supervising all activity on the floor, (b) disciplining employees, (c)

dealing with customer complaints, (d) holding daily meetings with servers in preparation

for each shift, (e) scheduling and/or vacation requests, (f) verifying the money reports at

the end of each night, and (g) sending employees home early.[11]  *See Ayres,* 12 F. Supp.

2d at 307-08 (listing functions that made person management, including authority to hire,

suspend or terminate employees and receiving a salary).  Moreover, the declarations

make clear that these managerial functions did not vary from restaurant to restaurant but

were the same at each of Jean Georges' locations.

   The managers that participated in the tip pools at Jean Georges' restaurants had

the authority to hire and fire servers[12] and gave servers their daily section assignments.[13]

---

[8]   Bern Decl. ¶7; Buettler Decl. ¶8; Charnesky Decl. ¶8; Chowdhury Decl. ¶7; Edwards Decl. ¶8; Faust Decl. ¶8; Gerafino Decl. ¶8; Johnston Decl. ¶¶7, 9; Leon Decl. ¶7; Lindman Decl. ¶7; Melendez Decl. ¶7; Walter Decl. ¶7; Worley Decl. ¶7.

[9]   Bern Decl. ¶6; Buettler Decl. ¶7; Charnesky Decl. ¶7; Chowdhury Decl. ¶6; Edwards Decl. ¶7; Faust Decl. ¶7; Gerafino Decl. ¶7; Johnston Decl. ¶6; Leon Decl. ¶6; Lindman Decl. ¶6; Melendez Decl. ¶6; Walter Decl. ¶6; Worley Decl. ¶6.  *See also* Kirschenbaum Decl., Ex. A.

[10]  Edwards Decl. ¶15.

[11]  Bern Decl. ¶¶10, 12-16, 27 Buettler Decl. ¶¶10-15; Charnesky Decl. ¶¶11, 13-17, 27; Chowdhury Decl. ¶¶8, 10-14, 22; Edwards Decl. ¶¶10-11, 13; Faust Decl. ¶¶10-13, 14; Gerafino Decl. ¶¶10-11, 16; Johnston Decl. ¶¶11-16; Leon Decl. ¶¶10, 12-17, 28; Lindman Decl. ¶¶9-10, 12-15, 22; Melendez Decl. ¶¶8, 10-15; Walter Decl. ¶¶8-13; Worley Decl. ¶¶8, 10-14.

[12]  Bern Decl. ¶¶11, 12; Buettler Decl. ¶11; Charnesky Decl. ¶12; Chowdhury Decl. ¶¶9, 23; Edwards Decl. ¶¶11, 12; Faust Decl. ¶11; Gerafino Decl. ¶¶11-12; Johnston Decl. ¶¶12, 24;

If a server had to void a transaction, he or she had to call one of the managers.[14]
Managers also had special cards or access codes with which to access the computer
system to perform managerial functions such as voiding checks, reopening closed checks,
and reauthorizing checks.[15]

Jean Georges managers were specifically introduced to Plaintiffs and the other
declarants as "managers," and the employees never addressed these people by any title
other than "manager."[16]  Managers wore suits to differentiate themselves from the servers
who wore uniforms.[17]  When customers asked to speak to a manager, one of the
managers who illegally participated in the tip pool would approach the customer.[18]
Managers had the authority to send free meals or other items to customers.[19]  These
managers seldom, if ever, provided direct customer service, such as bringing food to

---

Leon Decl. ¶11-13; Lindman Decl. ¶¶10-11; Melendez Decl. ¶¶9, 22-23; Walter Decl. ¶8;
Worley Decl. ¶9.

[13]    Bern Decl. ¶19; Buettler Decl. ¶17; Charnesky Decl. ¶19; Chowdhury Decl. ¶16; Faust Decl.
¶16; Gerafino Decl. ¶18; Johnston Decl. ¶18; Leon Decl. ¶20; Lindman Decl. ¶17; Melendez
Decl. ¶17; Walter Decl. ¶6; Worley Decl. ¶16.

[14]    Charnesky Decl. ¶20; Leon Decl. ¶21;

[15]    Buettler Decl. ¶19; Charnesky Decl. ¶24; Leon Decl. ¶26; Melendez Decl. ¶24

[16]    Bern Decl. ¶¶8-9; Buettler Decl. ¶9; Charnesky Decl. ¶¶9-10; Chowdhury Decl. ¶8; Edwards
Decl. ¶9; Faust Decl. ¶9; Gerafino Decl. ¶9; Johnston Decl. ¶¶8, 10; Leon Decl. ¶¶8-9;
Lindman Decl. ¶8;

[17]    Bern Decl. ¶18; Buettler Decl. ¶15; Charnesky Decl. ¶18; Chowdhury Decl. ¶15; Faust Decl.
¶15; Gerafino Decl. ¶17; Johnston Decl. ¶17; Leon Decl. ¶19; Lindman Decl. ¶16; Melendez
Decl. ¶16; Walter Decl. ¶14; Worley Decl. ¶15.

[18]    Bern Decl. ¶21; Buettler Decl. ¶20; Charnesky Decl. ¶21; Chowdhury Decl. ¶18; Faust Decl.
¶18; Johnston Decl. ¶20; Leon Decl. ¶22; Lindman Decl. ¶19; Melendez Decl. ¶19; Walter
Decl. ¶17; Worley Decl. ¶18.

[19]    Bern Decl. ¶24; Charnesky Decl. ¶24; Johnston Decl. ¶23; Leon Decl. ¶25; Lindman Decl.
¶23;

customers, or bussing a table.[20]  Jean Georges hired hosts/hostesses to greet and seat customers; this was not part of the managers' customary duties.[21]

Plaintiffs' submissions show that Jean Georges' actions are in violation of the FLSA.  Moreover, they show that Plaintiffs and the other Covered Employees are similarly situated in their suffering of the consequences of Defendants' violations.  The very nature of an illegal tip pool necessarily creates a group of similarly situated employees.  Namely, all the employees in the tip-pool who are not managerial and whose tip credit is destroyed because of managers' involvement in the tip-pool are similarly situated.  (*See* Kirschenbaum Decl., Exhibit A (a copy of a sample tip-out sheet))[22]

## LEGAL ARGUMENT

To protect proposed collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees who worked for Jean Georges at any time during the FLSA period.

Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case because the initial pleadings and preliminary evidence show that all Covered Employees are "similarly situated employees."  They all worked as tipped employees at Jean George, they all were paid below the federal minimum wage, they all were forced to contribute their tips to a tip pool, and they were all forced to share their tips with Jean Georges'

---

[20]   Bern Decl. ¶22; Buettler Decl. ¶21; Charnesky Decl. ¶22; Chowdhury Decl. ¶19; Edwards Decl. ¶14; Faust Decl. ¶19; Gerafino Decl. ¶21; Johnston Decl. ¶21; Leon Decl. ¶23; Lindman Decl. ¶20; Melendez Decl. ¶20; Walter Decl. ¶18; Worley Decl. ¶19.

[21]   Buettler Decl. ¶22; Charnesky Decl. ¶23; Chowdhury Decl. ¶20; Faust Decl. ¶20; Gerafino Decl. ¶22; Leon Decl. ¶24; Lindman Decl. ¶21; Melendez Decl. ¶21; Walter Decl. ¶19; Worley Decl. ¶20.

[22]   Although this document reflects the tip appropriation for a worknight that predates the FLSA three-year statute of limitations, it reflects the method of tip-appropriation used by Jean-Georges throughout the FLSA period.  (Kirschenbaum Decl. ¶3)

management.  Thus, they "together were victims of a common policy or plan that violated the law."  *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) (citing *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

**I.   *HOFFMANN-LA ROCHE* NOTICE SHOULD BE ORDERED IN THIS CASE.**

The FLSA expressly permits the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of minimum wage and overtime compensation.  29 U.S.C.A. § 216(b).  Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v. E. Photographic Labs.,* 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied,* 441 U.S. 944 (1979); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007).

**A.   Sending Expedited Notice To "Similarly Situated" Tipped Employees Fulfills The FLSA's Broad Remedial Purposes.**

Expedited notice is critical in FLSA actions.  Unlike absent class members in a Rule 23 class action, potential class-member employees in a FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit.  29 U.S.C.A. § 216(b); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied,* 536 U.S. 934 (2002).  The statute of limitations continues to run on each individual's claim until she files her written consent form with the Court.  29 U.S.C.A. §§ 255, 256(b).  To insure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has ruled that courts have broad authority

to facilitate early notice to potential opt-in plaintiffs of the existence of the lawsuit. *Hoffman-Laroche*, 493 U.S. at 170. Collective actions also provide plaintiffs the opportunity to "lower individual costs to vindicate rights by pooling resources." *Id.* Thus, timely distribution of a notice of pendency is crucial in an FLSA collective action.

In order to successfully move for conditional certification of a FLSA collective action, Plaintiffs need only meet the "minimal burden" of showing that the members of the proposed class are "similarly situated." *Lee*, 236 F.R.D. at 197; *Fasanelli*, 516 F. Supp. 2d at 321. Plaintiffs are required to make only a "modest factual showing" that they and potential collective action members were victims of "a common policy or plan that violated the law." *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 91, 104 (S.D.N.Y. 2003); *Fasanelli*, 516 F. Supp. 2d at 321.[23]

Plaintiffs' initial burden is "minimal," in part, because the "similarly situated" finding can be revisited at the second stage of the certification process" once discovery is completed. *Cuzco*, 477 F. Supp. 2d at 632 n.4; *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297(KMW)**,** 2001 WL 845000 (S.D.N.Y. May 7, 2001) ("The Court need only reach a

---

[23]    *See Toure v. Central Parking Sys. of N.Y.*, No. 05 Civ. 5237(WHP), 2007 WL 2872455, *2 (S.D.N.Y. Sept. 28, 2007) ("relatively lenient evidentiary standard" used to review "plaintiffs' modest factual showing"); *Cuzco*, 477 F. Supp. 2d at 633 (plaintiff has "minimal burden" to make "modest factual showing"); *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("plaintiffs have satisfied their minimal burden of showing that they are "similarly situated" to the proposed class members"); *Mazur v. Olek Lejbzon & Co.***,** No. 05 Civ. 2194 (RMB) DF, 2005 WL 3240472, *5 (S.D.N.Y. Nov. 30, 2005) (stating that plaintiffs "face only a very limited burden" and noting the "minimal nature" of the burden); *Masson,* 2005 WL 2000133 at *13 ("courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate"); *Hoffmann,* 982 F. Supp. at 261 (requiring only a "modest factual showing"); *Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG)(RER), 2007 WL 2994278, *2 (E.D.N.Y. Oct. 11, 2007) ("fairly lenient" standard "requires only a 'modest factual showing'").

preliminary determination that potential plaintiffs are similarly situated; the inquiry is 'less stringent than the ultimate determination that the class is properly constituted.'").[24]

The standard for authorizing notice to similarly-situated workers is much lower than the standard for class certification under Federal Rule of Civil Procedure 23. Unlike Rule 23, section 216(b) requires no showing of numerosity, typicality, commonality, or adequate representation. *See Mazur,* 2005 WL 3240472 at *4; *Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) (plaintiffs' burden under section 216(b) "is significantly less exacting than the matters that must be demonstrated to sustain certification of a class under Rule 23"); *Masson,* 2005 WL 2000133 at *13 (same). The burden under 216(b) is more lenient than under Rule 23, in part, because a collective action is not a representative action and does not raise the same due process concerns that Rule 23 raises.

> [The] FLSA's opt-in provision simply provides an opportunity for potential plaintiffs to join the action but does not bind those who do not; by contrast, the 'opt-out' regime under Rule 23 does bind absent class members who nevertheless are deemed to have had adequate opportunities to participate in the action brought on their behalf.

*Patton,* 364 F. Supp. 2d at 267 (citations omitted).

Courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated. *Mazur*, 2005 WL 3240472 at *4 ("A Plaintiff need not show an actual violation of the law."); *Hoffman,* 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that

---

[24] *See also Gjurovich*, 282 F. Supp. 2d at 105; *Realite v. Ark Rests. Corp.,* 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998); *Levy v. Verizon Info. Servs.*, Nos. 06 CV 1583(NG)(SMG), 06 CV 5056(NG)(SMG), 2007 WL 1747104, *3 (E.D.N.Y. June 11, 2007); *Mazur*, 2005 WL 3240472, at *5.

a definable group of 'similarly situated' plaintiffs can exist here.").[25]  "[E]ven if

plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be

similarly situated, notification at this stage, rather than after further discovery, may

enable more efficient resolution of the underlying issues in this case."  *Krueger v. New*

*York Tele. Co.,* Nos. 93 CIV. 0178-79, 1993 WL 276058, *2 (S.D.N.Y. July 21, 1993).

Courts also agree that extensive discovery is not necessary at the notice stage.

*See Iglesias-Mendoza,* 239 F.R.D. at 368 ("The court is not obliged to wait for the

conclusion of discovery before it certifies the collective action and authorizes notice.");

*Patton*, 364 F. Supp. 2d at 268 (ordering notice before full discovery in order to

"facilitate[e] the [FLSA]'s broad remedial purpose . . . promot[e] efficient case

management . . [and] preserve and effectuate the rights of potential plaintiffs whose

claims might otherwise become time-barred during the discovery phase of the case")

(citations omitted); *Zhao*, 2001 WL 845000 at **2-3 (ordering notice based on "scant

evidence"); *Hoffman,* 982 F. Supp. at 262 ("Nor must this Court wait for defendant to

complete its discovery before authorizing class notice.") (citing *Braunstein,* 600 F.2d at

336).  In lieu of discovery, courts rely upon detailed allegations in a complaint supported

by employee declarations to determine whether plaintiffs and potential opt-ins are

"similarly situated."  *See Gjurovich,* 282 F. Supp. 2d at 104.  In relying on employee

declarations, "the court does not resolve factual disputes, decide substantive issues going

---

[25]  *See Hoffman-La Roche,* 493 U.S. at 174 ("[T]rial courts must take care to avoid even the
appearance of judicial endorsement of the merits of the action."); *Lynch v. United Serv.
Auto. Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court
does not resolve factual disputes, decide substantive issues going to the ultimate merits, or
make credibility determinations"); *Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54
(S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual
violation of law but rather on whether the proposed plaintiffs are similarly situated . . . with
respect to their allegations that the law has been violated"); *Levy*, 2007 WL 1747104 at *3
(same).

to the ultimate merits, or make credibility determinations." *Lynch,* 491 F. Supp. 2d at 368 (citation omitted). "[T]he initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations." *Fasanelli*, 516 F. Supp. 2d at 322.

Once the court determines that potential opt-in plaintiffs may be similarly situated for the purposes of authorizing notice, the court "conditionally certifies" the collective action. Plaintiffs then may send court-approved notice to potential members who may elect to "opt-in" pursuant to section 216(b) by filing recent consents. The action proceeds as a collective action throughout the discovery process. *Masson*, 2005 WL 2000133 at *13 (citation omitted).

It is only later down the road, after the completion of discovery, that the Court need engage in a second, more heightened, stage of scrutiny as to whether the proposed class is in fact similarly situated for the purposes of maintaining, the collective action. *See id*. at *12.

### B. Notice Is Appropriate Because Plaintiffs Are "Similarly Situated" To The Other Covered Employees.

Far exceeding, a "modest factual showing," Plaintiffs have submitted substantial evidence of Jean Georges' unlawful common policy and practice of illegally retaining tips and failing to pay the Covered Employees the minimum wage. At this early stage of the case, a total of 33 people have asserted the allegations in the Complaint against Defendants by joining and/or opting into the lawsuit. (Kirschenbaum Decl. ¶2). Plaintiffs have submitted declarations from 13 Jean Georges employees that worked in various positions at 5 different Jean-Georges restaurants, who suffered from the same wage and hour violations at all Jean Georges restaurants.

12

Plaintiffs' detailed allegations in the Complaint and declarations show that Defendants are violating the FLSA's minimum wage and tip-credit laws with respect to all Plaintiffs and potential plaintiffs.  The FLSA requires employers to pay employees a legally prescribed minimum wage of $5.15 per hour.  *Chan v. Sung Yue Tung Corp.,* 03 Civ. 6048 (GEL), 2007 WL 313483, *17 (S.D.N.Y. Feb. 1, 2007) (citing 29 U.S.C. § 206(a)(1)).  Only under particular circumstance may an employer claim a "tip credit" and pay tipped employees at a rate less than the minimum wage.  29 U.S.C.A. § 203(m).  Those circumstances do not exist here because Defendants requires their workers to share their tips with non-customarily tipped employees such as management.  *Id.*  Thus, Defendants automatically lose the right to take a tip credit because managers are not customarily tipped employees.  *Chung,* 246 F. Supp. 2d at 230 ("The taking of shares of waiters' tips by [persons] with managerial authority . . . violates the statutory condition that "all tips" received by the waiters and busboys be "retained" by the waiters and busboys."); *Ayres*, 12 F. Supp. 2d at 309 (same).

Although, Defendants will likely claim that their managers were not managers, the abundance of evidence submitted by Plaintiffs show that the managers performed many managerial functions (that the servers could not) and that these managerial functions were the same in each of the restaurants.  *See supra* at 6-7 & nn. 12-22.

The allegations in the Complaint and the declarations, if proven, demonstrate that Defendants maintain illegal policies and practices that similarly affect all servers at Jean Georges.   In *Fasanelli,* this Court authorized notice in a nearly identical case, finding that "[c]onditional class certification is appropriate . . . where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations."  516 F. Supp. 2d at 322.  *See Realite,* 7 F. Supp. 2d at 307 n.2 (permitting

conditional certification where plaintiffs alleged that employer violated FLSA tip credit rules by "requiring tipped employees to share tips with non-service employees who would not regularly receive tips.").[26]

Plaintiffs' showing clearly warrants the issuance of collective action notice at this lenient stage of the proceedings.  Courts routinely authorize notice on thinner records.[27]

## II.    DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER *HOFFMAN-LAROCHE*.

It is appropriate for courts in collective actions to order the discovery of names and addresses of potential collective members.  *Lee*, 236 F.R.D. at 202 (*citing Hoffman-La Roche*, 493 U.S. at 171).  *See Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 431 (S.D.N.Y 1995) ("It is within the Court's discretion to authorize and order the defendant to provide names and addresses of similarly situated potential class member to facilitate such notice.").

Plaintiffs therefore request that, in addition to entering an order granting

---

[26]  Courts in this district and elsewhere have authorized notice where plaintiffs alleged similar tip credit violations.  *See, e.g., Dominguez v. Don Pedro Rest.,* No. 2:06 cv 241, 2007 WL 271567 (N.D. Ind. Jan. 25, 2007); *Bursell v. Tommy's Seafood Steakhouse,* Civ. No. H-06-0386, 2006 WL 3227334 (S.D. Tex. Nov. 3, 2006); *Zhao,* 2001 WL 845000; *Realite,* 7 F. Supp. 2d 303.

[27]  *See, e.g., Masson*, 2005 WL 2000133, at *14 (affidavits from three named plaintiffs); *Sipas v. Sammy's Fishbox, Inc.,* No. 05-CV-10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006) (conditional certification granted based on three affidavits and the complaint); *Legrand v. Educ. Mgmt. Corp.,* No. 03-9798, 2004 WL 1962076, at *2 (S.D.N.Y. Sept. 2, 2004) (three named plaintiffs who were told by management of nationwide company that employees were required to work over 40 hours per week without overtime pay); *Roebuck v. Hudson Valley Farms, Inc.,* 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002) (three affidavits); *Zhao,* 2001 WL 845000, **2-3 (one affidavit based on Plaintiff's "best knowledge"); *Schwed v. General Elec. Co.,* 159 F.R.D. 373, 376 (N.D.N.Y. 1995) (two affidavits in ADEA case); *Young,* 229 F.R.D. at 55 (one affidavit sufficient for conditional certification when potential opt-ins all had same job and were all classified as exempt at over 108 facilities in 21 states); *Mazur,* 2005 WL 3240472 at *4 (three affidavits sufficient for notice to employees in nine job classifications, who worked for four different corporations); *Realite,* 7 F. Supp. 2d at 305 (ten affidavits).

conditional certification and approving Plaintiffs' proposed notice, this Court also order

Defendants to produce to Plaintiffs the following within ten days of its order:  A list, in

electronic format, of all persons employed by Jean George as "Covered Employees" from

three years prior to the entry of an order to the present including: name, last known home

address, home telephone number, employee number, and social security number.

## III.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE.

Attached as Exhibit A hereto is Plaintiffs' proposed judicial notice.  Plaintiffs'

proposed notice provides clear instructions on how to opt-in, and accurately states the

prohibition against retaliation or discrimination for participation in an FLSA action.[28]  As

required, it is "timely, accurate, and informative."  *See Hoffmann-La Roche*, 493 U.S. at

172.  It is carefully drafted to mirror notice forms that this Court has approved in

previous cases.  The proposed notice achieves the goal of providing potential opt-ins with

accurate and timely notice concerning the pendency of the collective action, and should

be adopted.

---

[28]    Retaliation for filing a complaint against an employer is prohibited by law.  29 U.S.C.
§ 215(a)(3); *Reich v. Davis*, 50 F.3d 962, 964-965 (11th Cir. 1995).  Guarding against
retaliation is "critical to the entire enforcement scheme of the federal wage and hour law."
*Centeno-Bernuy v. Perry,* 302 F. Supp. 2d 128, 135 (W.D.N.Y. 2003) (citing *Mitchell
DeMaria Jewelry, Inc.,* 361 U.S. 288 (1960)).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant

their motion, thereby conditionally certifying this case as a FLSA class action under 29

U.S.C. § 216(b) and authorizing dissemination of notice to the prospective collective

action members.

Dated:  New York, New York
       February 19, 2008             Respectfully submitted,

                                    JOSEPH & HERZFELD LLP


By: /s/ D. Maimon Kirschenbaum
     D. Maimon Kirschenbaum (DK-2338)

Diane Hester (DH-4337)
Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
(212) 983-8999 Phone


*Attorneys for Plaintiffs, proposed collective*
*action members and proposed class*