D. Maimon Kirschenbaum (DK 2448)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E. GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
Tel: (212) 983-8999

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

ISAIAH GERAFINO, LENFORD JOHNSTON, SARA FAUST, SUKOL PHAIROJ, CHELSEA LINDMAN, VIRGINIA WORLEY, ROSALINA WALTER and THOMAS CAMPBELL on behalf of themselves and all others similarly situated,

          Plaintiffs,

    v.

JEAN-GEORGES ENTERPRISES, LLC; JEAN-GEORGES MANAGEMENT LLC; PERRY STREET PROJECT LLC; TRIOMPHE RESTAURANT CORP. d/b/a JEAN GEORGES RESTAURANT and NOUGATINE; ORIGINE LLC d/b/a JOJO RESTAURANT; SPICE MARKET LLC; LEONARD STREET LLC d/b/a/ 66 RESTAURANT; JEAN-GEORGES VONGERICHTEN and JOHN DOES 1-10

          Defendants.
----------------------------------------------------------x

INDEX NO: 07-cv-06729 (RJS)

## DECLARATION OF BROOKE EDWARDS

I, Brooke Edwards, under penalty of perjury, affirm as follows:

1.    My name is Brooke Edwards.

2. I was employed by Defendants as a server at Jean-Georges restaurant ("Jean-Georges") for approximately one year ending in April 2007.

3. Throughout my employment at Jean-Georges, I was paid less than the New York minimum wage of $6.75 or $7.15 per hour and the federal minimum wage of $5.15 per hour.

4. When I began working at Jean-Georges, I was informed by managers and coworkers that the restaurant required tipped employees to pool their tips.

5. I was never asked whether I wanted to be in the tip-pool, and the terms of the tip pool were maintained and enforced by the restaurant's management, not the servers or similarly tipped employees.

6. Throughout my employment at Jean-Georges, Jean-Georges required us to share our tips with managers, by allowing the managers to be part of the tip-pool.

7. Although Jean-Georges' managers participated in the tip-pool under the title "maitre d'" and/or other titles, their job duties illustrate that they were in fact managers, and not employees who are traditionally tipped. To this effect, the managers all had full access to the management office, and/or had their own offices.

8. The managers that were illegally part of the Jean-Georges tip-pool include but are not limited to, Estelle Lamont, Katrina (last name unknown), John (last name unknown), and Nicholas (last name unknown).

9. Phillipe Vongerichten, General Manager, introduced these managers to me as managers, informing me informing that they were my superiors, and that they had full authority over the terms of my work.

10. These managers' primary job duties include: (a) supervising all activity on the floor, (b) disciplining employees, (c) dealing with customer complaints, (d) holding

2

daily meetings with servers in preparation for each shift, (e) scheduling, and/or vacation requests, and (f) sending employees home early.

11. The managers communicated to us that they had authority to discipline and, when necessary, terminate employees.

12. I several times witnessed Ms. Lamont threaten to terminate employees.

13. I several times witnessed Ms. Lamont discipline employees by removing them from an entire week's schedule.

14. The above-mentioned managers spent less than 15% of their working time providing direct customer service, such as bringing food to customers, bussing etc.

15. The managers were paid a fixed weekly salary in addition to their illegal share in the tip-pools, as opposed to the other tipped-employees, who were paid an hourly wage.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
January 16, 2008

*Brooke Edwards*
Brooke Edwards