D. Maimon Kirschenbaum (DK 2448)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E.
GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
Tel: (212) 983-8999

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

ISAIAH GERAFINO, LENFORD JOHNSTON, SARA FAUST, SUKOL PHAIROJ, CHELSEA LINDMAN, VIRGINIA WORLEY, ROSALINA WALTER and THOMAS CAMPBELL on behalf of themselves and all others similarly situated,

INDEX NO: 07-cv-06729 (RJS)

Plaintiffs,

v.

JEAN-GEORGES ENTERPRISES, LLC; JEAN-GEORGES MANAGEMENT LLC; PERRY STREET PROJECT LLC; TRIOMPHE RESTAURANT CORP. d/b/a JEAN GEORGES RESTAURANT and NOUGATINE; ORIGINE LLC d/b/a JOJO RESTAURANT; SPICE MARKET LLC; LEONARD STREET LLC d/b/a/ 66 RESTAURANT; JEAN-GEORGES VONGERICHTEN and JOHN DOES 1-10

Defendants.
-----------------------------------------------------------x

### DECLARATION OF LENFORD JOHNSTON

I, Lenford Johnston, under penalty of perjury, affirm as follows:

1. I was employed by Defendants as a server/runner at Spice Market and 66 restaurant within the last three years.

2. Throughout my employment at Jean-Georges, I was paid less than the New York minimum wage and federal minimum wage.

3. When I began working at Spice Market, I was informed by managers and coworkers that the restaurant required tipped employees to pool their tips.

4. I was never asked whether I wanted to be in the tip-pool, and the terms of the tip pool were maintained and enforced by the restaurant's management, not the servers or similarly tipped employees.

5. Throughout my employment at Spice Market, Spice Market required us to share our tips with managers, by allowing the managers to be part of the tip-pool.

6. Although Spice Market's managers participated in the tip-pool under the title "maitre d'" and/or other titles, their job duties illustrate that they were in fact managers, and not employees who are traditionally tipped. To this effect, the managers all had full access to the management office, and/or had their own offices.

7. The managers that were illegally part of the Spice Market tip-pool include but are not limited to Brody(last name unknown).

8. Kim, General Manager at the time I was hired, introduced these managers to me as managers, informing me that they were my superiors, and that they had full authority over the terms of my work and continuation of my employment. To this effect, the employees referred to these people as managers.

9. The managers that were illegally part of the 66 tip-pool include but are not limited to Jaysun (last name unknown).

2

10. Dennis, General Manager at the time I was hired at 66, introduced these managers to me as managers, informing me that they were my superiors, and that they had full authority over the terms of my work and continuation of my employment. To this effect, the employees referred to these people as managers.

11. These managers' primary job duties include: (a) supervising all activity on the floor, (b) disciplining employees, (c) dealing with customer complaints, (d) holding daily meetings with servers in preparation for each shift, (e) scheduling and/or vacation requests, (f) verifying the money reports at the end of each night, and (g) sending employees home early.

12. The managers at Spice Market and 66 communicated to us that they had authority to discipline and, when necessary, terminate employees.

13. At Spice Market and 66, I several times witnessed employees disciplined and/or sent home by managers that were in the tip-pool.

14. Whenever I had scheduling issues, such as requests for time off, I made these requests to the managers on duty, who were in the tip-pool. The managers either granted or denied my requests.

15. At both restaurants, the managers usually conducted the pre-shift meeting before every shift that I worked at.

16. At both restaurants, the managers on duty determined when every service employee such as myself went home early or was required to stay late.

17. At both restaurants, the managers on duty typically wore suits, as opposed to server uniforms.

18. For every shift at both restaurants, the managers assigned each waiter to her section.

19. At both restaurants, when for any given reason a charge was to be 'comped', *i.e.,* voided, the managers had authority and routinely authorized these voids for the servers.

20. When a customer asked to speak to a manager at either restaurant, they were referred to the managers on duty.

21. The above-mentioned managers seldom, if ever, provided direct customer service, such as bringing food to customers, bussing etc.

22. Spice Market and 66 employed hosts/hostesses who would greet and seat customers. This was not the managers' duty, and they seldom performed it.

23. At both restaurants, the managers had authority to send free meals or items to customers.

24. I briefly resigned from 66 restaurant. Upon my return, I was rehired by Jaysun.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
January 18, 2008

_Lenford Johnston_