D. Maimon Kirschenbaum (DK 2448)  
JOSEPH & HERZFELD LLP  
757 Third Avenue  
25th Floor  
New York, NY 10017  
(212) 688-5640  
(212) 688-2548 (fax)  

Jeffrey E. Goldman (JG-4693)  
LAW OFFICES OF JEFFREY E. GOLDMAN  
501 Fifth Avenue  
Suite 1900  
New York, NY 10017  
Tel: (212) 983-8999  

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  

ISAIAH GERAFINO, LENFORD JOHNSTON, SARA FAUST, SUKOL PHAIROJ, CHELSEA LINDMAN, VIRGINIA WORLEY, ROSALINA WALTER and THOMAS CAMPBELL on behalf of themselves and all others similarly situated,

INDEX NO: 07-cv-06729 (RJS)

Plaintiffs,

v.

JEAN-GEORGES ENTERPRISES, LLC; JEAN-GEORGES MANAGEMENT LLC; PERRY STREET PROJECT LLC; TRIOMPHE RESTAURANT CORP. d/b/a JEAN GEORGES RESTAURANT and NOUGATINE; ORIGINE LLC d/b/a JOJO RESTAURANT; SPICE MARKET LLC; LEONARD STREET LLC d/b/a/ 66 RESTAURANT; JEAN-GEORGES VONGERICHTEN and JOHN DOES 1-10

Defendants.
-----------------------------------------------------------x

## DECLARATION OF ANGEL LEON

I, Angel Leon, under penalty of perjury, affirm as follows:

1. I was employed by Defendants as a server/runner/busser at Spice Market within the last three years.

2. Throughout my employment at Spice Market, I was paid less than the federal minimum wage.

3. When I began working at Spice Market, I was informed by managers and coworkers that the restaurant required tipped employees to pool their tips.

4. I was never asked whether I wanted to be in the tip-pool, and the terms of the tip pool were maintained and enforced by the restaurant's management, not the servers or similarly tipped employees.

5. Throughout my employment at Spice Market, Spice Market required us to share our tips with managers, by allowing the managers to be part of the tip-pool.

6. Although Spice Market's managers participated in the tip-pool under the title "maitre d'" and/or other titles, their job duties illustrate that they were in fact managers, and not employees who are traditionally tipped. To this effect, the managers all had full access to the management office.

7. The managers that were illegally part of the Spice Market tip-pool include but are not limited to Alex Hasbany, Min (last name unknown), My-lei (last name unknown), Mary Thompson, Rody (last name unknown), Eric (last name unknown), Thomas (last name unknown), and Warren Anker.

8. All employees referred to these people as managers.

9. No employees ever referred to these managers by any title other than manager.

10. These managers' primary job duties include: (a) supervising all activity on the floor, (b) disciplining employees, (c) dealing with customer complaints, (d) holding

daily meetings with servers in preparation for each shift, (e) scheduling and/or vacation requests, (f) verifying the money reports at the end of each night, and (g) sending employees home early.

11. I was hired by My-lei.

12. I was once suspended by My-lei.

13. The managers at Spice Market communicated to us that they had authority to discipline and, when necessary, cause employees to be terminated.

14. I several times witnessed employees disciplined and/or sent home by managers that were in the tip-pool.

15. Whenever I had scheduling issues, such as requests for time off, I made these requests to the managers on duty, who were in the tip-pool. The managers either granted or denied my requests.

16. The managers usually conducted the pre-shift meeting before every shift that I worked at.

17. The managers on duty determined when every service employee such as myself went home early or was required to stay late.

18. The managers were on most nights the most senior employees present in the restaurant.

19. The managers on duty typically wore suits, as opposed to server uniforms.

20. For every shift, the managers assigned each waiter to her section.

21. When for any given reason a charge was to be 'comped', *i.e.*, voided, the managers had authority and routinely authorized these voids for the servers.

22. When a customer asked to speak to a manager, they were referred to the managers on duty.

23. The above-mentioned managers seldom, if ever, provided direct customer service, such as bringing food to customers, bussing etc.

24. Spice Market employed maitre d's, hosts/hostesses who would greet and seat customers. This was not the managers' duty, and they performed it on as-needed basis only.

25. The managers had authority to send free meals or items to customers.

26. The managers all had special cards or access codes with which they could access the computer system to perform managerial functions such as comping items, voiding checks, reopening closed checks, reauthorizing checks, etc.

27. I was informed by my managers that Spice Market would not pay me for all my time, including overtime. To this effect, my checks were frequently for less regular and/or overtime than I actually worked.

28. On occasions that we were short-staffed, the managers would call employees and require them to come in and work. Similarly, when we were overstaffed, the managers would send employees home.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: New York, New York
January 23, 2008

_____
Angel Leon