UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
ISAIAH GERAFINO, LENFORD
JOHNSTON, SARA FAUST, SUKOL
PHAIROJ, CHELSEA LINDMAN,
VIRGINIA WORLEY, ROSALINA
WALTER and THOMAS CAMPBELL on
behalf of themselves and all others similarly
situated,

              Plaintiffs,

        v.                                      CIVIL ACTION NO: 07-cv-06729
                                                      (RJS)

JEAN-GEORGES ENTERPRISES, LLC;
JEAN-GEORGES MANAGEMENT LLC;
PERRY STREET PROJECT LLC;
TRIOMPHE RESTAURANT CORP. d/b/a
JEAN GEORGES RESTAURANT and
NOUGATINE; ORIGINE LLC d/b/a JOJO
RESTAURANT; SPICE MARKET LLC;
LEONARD STREET LLC d/b/a/ 66
RESTAURANT; JEAN-GEORGES
VONGERICHTEN and JOHN DOES 1-10

              Defendants.
------------------------------------------------X

## DECLARATION OF ALEX HASBANY

I, Alex Hasbany, under penalty of perjury, declare as follows:

      1.      My name is Alex Hasbany. I give this Declaration based on my own knowledge for use in the proceeding specified above. I am over the age of 21 and competent to give this Declaration.

      2.      I am currently employed as the General Manager at Spice Market Restaurant ("Spice Market").

      3.      I began my employment at Spice Market as a Maître d' in or about February 2004 and was promoted to General Manager in or about May 2005.

4. During the time I was a Maître d', the tips at Spice Market were pooled and distributed among the employees who were actively engaged in table service. Each position was assigned a certain number of "points" in the pool, which reflected the level of the position and the depth of guest interaction typically required by that position. Each point reflected an equal share in the pool, and the total tips were apportioned among the participating employees accordingly.

5. As a Maître d', I received a total of three points in the tip pool, which determined my share of the pooled gratuities at the end of each service.

6. I have not shared in the tip-pool since I was promoted to General Manager at Spice Market on May 11, 2005.

7. At Spice Market, each table is assigned a server, busser and runner. Servers typically take food and beverage orders. Bussers typically clear and reset tables and set up the dinning room. Runners bring food to guests' tables and oversee orders coming into the stations from the kitchen.

8. As a Maître d' at Spice Market during the service, I spent a significant amount of my time on the dining room floor. As I was instructed to do by my General Manager, I "touched" every guest table in the dining room each evening. To that end, I greeted guests, took orders and served food and beverages on a daily basis. I often lent a hand bussing tables when the restaurant was busy.

9. During my employment as a Maître d' at Spice Market, I would often joke with others that I was "the best dressed busser in the city" because I was so intimately involved with the restaurant's service.

10. The servers, bussers and runners were responsible only for their table(s) within the dining room. My presence on the dining room floor was critical because I monitored the overall dining room service and determined where my assistance was most urgently needed, whereas the servers, bussers and runners were supposed to focus on their particular table(s).

11. The General Manager at Spice Market had the exclusive authority to make decisions with respect to hiring, firing and/or disciplining employees. I reported any incidents to the General Manager, who then took action directly with the employee.

12. The General Manager handled all payroll matters.

13. The General Manager handled all scheduling matters.

14. Since my promotion to General Manager at Spice Market, my job duties have changed. I now have the authority to interview, hire, fire, and discipline employees. I also set employees' work schedules, handle all payroll matters and deal with any maintenance issues.

15. This Declaration is a voluntary statement made by me. I have carefully read this Declaration and fully understand its contents. There have been no threats made to me, express or implied, concerning my employment, potential loss of employment, or loss of any employment benefits whatsoever to induce me to make this statement. There have also been no express or implied promises of employment or other benefits to induce me to make this voluntary statement.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 2, 2008
New York, New York

_____
Alex Hasbany

-3-