UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ISAIAH GERAFINO, LENFORD
JOHNSTON, SARA FAUST, SUKOL
PHAIROJ, CHELSEA LINDMAN,
VIRGINIA WORLEY, ROSALINA
WALTER and THOMAS CAMPBELL on
behalf of themselves and all others similarly
situated,

           Plaintiffs,

v.                              CIVIL ACTION NO: 07-cv-06729
                                     (RJS)

JEAN-GEORGES ENTERPRISES, LLC;
JEAN-GEORGES MANAGEMENT LLC;
PERRY STREET PROJECT LLC;
TRIOMPHE RESTAURANT CORP. d/b/a
JEAN GEORGES RESTAURANT and
NOUGATINE; ORIGINE LLC d/b/a JOJO
RESTAURANT; SPICE MARKET LLC;
LEONARD STREET LLC d/b/a/ 66
RESTAURANT; JEAN-GEORGES
VONGERICHTEN and JOHN DOES 1-10

           Defendants.
----------------------------------------X

## DECLARATION OF TRISHA HITKO

I, Trisha Hitko, under penalty of perjury, declare as follows:

    1.     My name is Trisha Hitko. I give this Declaration based on my own knowledge for use in the proceeding specified above. I am over the age of 21 and competent to give this Declaration.

    2.     I am currently employed as a Assistant General Manager at JoJo Restaurant ("JoJo").

    3.     I was employed as a Maître d' at JoJo from September 2006 until July 2007.

4. During the time I was a Maître d', the tips at JoJo were pooled and distributed among the employees who were actively engaged in table service. Each position was assigned a certain number of "points" in the pool, which reflected the level of the position and the depth of guest interaction typically required by that position. Each point reflected an equal share in the pool, and the total tips were apportioned among the participating employees accordingly.

5. As a Maître d', I received a total of three points in the tip pool, which determined my share of the pooled gratuities at the end of each service.

6. I shared in the tip pool at JoJo until July 2007.

7. At JoJo, each table is assigned a server, busser and runner. Servers typically take food and beverage orders. Bussers typically clear and reset tables and set up the dinning room. Runners bring food to guests' tables and oversee orders coming into the stations from the kitchen.

8. As a Maître d' at JoJo during the service, I spent a significant of my time on the dining room floor. As I was instructed to do by my General Manager, I "touched" every guest table in the dining room each evening. To that end, I greeted guests, took orders and served food and beverages on a daily basis. I often lent a hand bussing tables when the restaurant was busy.

9. The servers, bussers and runners were responsible only for their table(s) within the dining room. My presence on the dining room floor was critical because I monitored the overall dining room service and determined where my assistance was most urgently needed, whereas the servers, bussers and runners were supposed to focus on their particular table(s).

10. The General Manager at JoJo had the exclusive authority to make decisions with respect to hiring, firing and/or disciplining employees. I reported any incidents to the General Manager, who then took action directly with the employee.

11. The General Manager handled all payroll matters.

12. The General Manager handled all scheduling matters.

13. When I was the Maître d' at JoJo, Jamie Unwin was the restaurant's General Manager. When Mr. Unwin was on vacation, a General Manager from another Jean Georges restaurant would fill in for Mr. Unwin as General Manager.

14. Since my promotion to Assistant General Manager at JoJo, my job duties have changed. I now have the authority to interview, hire, fire, and discipline employees. I also set employees' work schedules, handle payroll matters and deal with maintenance issues.

15. This Declaration is a voluntary statement made by me. I have carefully read this Declaration and fully understand its contents. There have been no threats made to me, express or implied, concerning my employment, potential loss of employment, or loss of any employment benefits whatsoever to induce me to make this statement. There have also been no express or implied promises of employment or other benefits to induce me to make this voluntary statement.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 3, 2008
New York, New York

_____
Trisha Hitko