D. Maimon Kirschenbaum (DK-2338)
Michael D. Palmer (MP-5090)
Charles Joseph (CJ-9442)
Diane Hester (DH-4337)
JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Jeffrey E. Goldman (JG-4693)
LAW OFFICES OF JEFFREY E.
GOLDMAN
501 Fifth Avenue
Suite 1900
New York, NY 10017
Tel. (212) 983-8999
Fax: (212)-691-2253

*Attorneys for Plaintiffs and proposed collective
action members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**ISAIAH GERAFINO, LENFORD
JOHNSTON, SARA FAUST, SUKOL
PHAIROJ, CHELSEA LINDMAN,
VIRGINIA WORLEY, ROSALINA
WALTER and THOMAS CAMPBELL on
behalf of themselves and all others similarly
situated,**

                    **Plaintiffs,**

          v.


**JEAN GEORGES ENTERPRISES, LLC., *et
al.***



                    **Defendants.**
------------------------------------------------------x

**INDEX NO: 07-cv-06729 (RJS)**


**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR CONDITIONAL
COLLECTIVE CERTIFICATION AND
FOR COURT FACILATION OF
NOTICE PURSUANT TO 29 U.S.C. §
216(b)**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT…………………………………………………………1

II. ARGUMENT………………………………………………………………………….2

PLAINTIFFS HAVE SATISFIED THE REQUIREMENTS FOR
CERTIFYING A COLLECTIVE ACTION AND ORDERING NOTICE…………………...2

   A. Plaintiffs Have Made The "Modest Factual Showing" Required
      For Conditional Certification……………………………………………...............4

     1. Plaintiffs' Made A Factual Showing That The Putative Class
        Members Are Similarly Situated………………………………………………5

     2. Defendant's Opposition Further Establishes That Potential Class
        Members Are Similarly Situated………………………………………………5

     3. The Court Should Not Resolve Factual Disputes At This Stage…………………6

   B. Plaintiffs' Declarations Should Not Be Stricken………………………………...……7
   .
     1. Plaintiffs' Declarations Are Based On Personal Knowledge……………………..8

     2. Plaintiffs' Declarations Do Not Contain Hearsay…………………………………9

     3. Even if Plaintiffs' Declarations Contained Hearsay or Statements
        Outside of the Plaintiffs' Personal Knowledge, the Declarations
        Should Not Be Stricken…………………………………………………………10

   C. Defendants' Merits-Based Arguments Are Irrelevant At This Stage………………11

   D. Plaintiff Will Be Successful On The Merits………………………………………12

   E. The Court Should Conditionally Certify All Of Plaintiffs' FLSA Claims…………..14

III. CONCLUSION………………………………………………………………………...15

## TABLE OF AUTHORITIES

CASES

*Anglada v. Linens n' Things, Inc.*, NO. 06Civ.12901(CM)(LMS), 2007 WL 1552511,
   2007 U.S. Dist. LEXIS 39105 (S.D.N.Y. Apr. 26, 2007)
   (adopted by, 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y. May 29, 2007))....................................2

*Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998) .......................................12

*Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008)............................15

*Bublitz v. E.I. duPont do Nemours & Co.,* 196 F.R.D. 545 (S.D. Iowa 2000)..............................7

*Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. Feb. 01, 2007) ........................12, 13

*Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220 (S.D.N.Y. 2002) ...........................12, 13

*Coan v. Nightingale Home Healthcare, Inc.*, No.1:05-CV-0101-DFH-TAB,
   2005 WL 1799454 (S.D. Ind. June 29, 2005).........................................................................11

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007)......................................2, 5

*D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889 (D. Md. 1995).......................................................3

*Dumitrescu v. Mr. Chow Enterprises, LTD*, No. 07 Civ. 3601(PKL), 2008 WL 2600667
   (S.D.N.Y. June 30, 2007) ...................................................................................6, 7, 15

*Fasanelli v. Heartland Brewery Inc.,* 516 F. Supp 2d. 317 (S.D.N.Y. 2007) .......................10, 11

*Francis v. A&E Stores, Inc.*, No. 06Civ.1638(CLB)(GAY), 2008 WL 2588851
   (S.D.N.Y. June 26, 2008) ..................................................................................................6

*Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101 (S.D.N.Y. 2003). .........1, 3, 12

*Hallissey v. America Online, Inc.*, No. 99-CIV-3785(KTD), 2008 WL 465112
   (S.D.N.Y. Feb. 19, 2008)....................................................................................................2

*Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005)................................6, 10

*Haynes v. Singer*, 696 F.2d 884 (11th Cir. 1983) ........................................................................3

*Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2006 WL 2795620
   (W.D.N.Y. Sept. 26, 2006) ...............................................................................................15

*Holman v. Trammell Crow Co.*, No.03-3603, 2005 WL 562738 (E.D. Penn. Mar. 7, 2005) .........8

*Holt v. Rite-Aid Corp.*, 333 F. Supp. 2d 1265 (M.D. Ala. 2004)....................................................3

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. Jan 29, 2007) .................2, 3

*Khalil v. Original Homestead Rest., Inc.*, No. 07Civ695, 2007 U.S. Dist. LEXIS 70372
    (S.D.N.Y. Aug. 9, 2007)........................................................................................................4

*Kreuger v. New York Tele. Co.,* Nos. 93 CIV. 0178-79, 1993 WL 276058
    (S.D.N.Y. July 21, 1993) ...............................................................................................11, 12

*Laroque v. Domino's Pizza, LLC*, No. 06-CV-6387 (DLI)(VVP), 2008 WL 2303493
    (E.D.N.Y. May 30, 2008) ...............................................................................................7, 15

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) .......................................................3

*Levitt v. PriceWaterhouseCoopers, LLP*, 04 Civ. 5179(RO), 2007 WL 2106309
    (S.D.N.Y. July 19, 2007)......................................................................................................11

*Levy v. Verizon Info. Servs.*, Nos. 06CV1583(NG)(SMG), 06CV5056(NG)(SMG),
    2007 WL 1747104 (E.D.N.Y. June 11, 2007) ...............................................................4, 12

*Lynch v. United Services Automobile Association,* 491 F. Supp. 2d 357 (S.D.N.Y. 2007)..5, 6, 12

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488(MBM), 2005 WL 2000133
    (S.D.N.Y. Aug. 17, 2005)......................................................................................................2

*Mattioli v. Media News Group*, No. Civ.A.97-CV-4846, 1999 WL 729255
    (E.D. Penn. Sept. 8, 1999) ....................................................................................................8

*Mazur v. Olek Lejbzon & Co.,* No. 05-2194, 2005 WL 3240472 (S.D.N.Y. Nov. 30, 2005).........4

*Morales v. Plantworks, Inc.,* No.05Civ.2349(DC), 2006 WL 278154 (S.D.N.Y. 2006)................4

*Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550-551 (6th Cir. 1999) .......................................14

*New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423 (S.D.N.Y. 2000) .......................................8, 9

*NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214 (1978) ...........................................................7

*Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614 (E.D.N.Y. Jun. 12, 2006) ...........3

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998)........................................15

*Richards v. Computer Scis. Corp.*, No. 3-03-CV-00630(DJS), 2004 WL 2211691
(D. Conn. Sept 28, 2004)............................................................................................11

*Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456 (S.D.N.Y. 2000)....................................8

*Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601 (D.N.J. 2004) ....................................8

*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 265 (D. Minn. 1991) ............................................4

*Shannon v. N.Y. City Transit. Auth.*, 189 F. Supp. 2d 55 (S.D.N.Y. 2002) ....................................9

*Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ............................15

*Sipas v. Sammy's Fishbox, Inc.,* No. 05-10319, 2006 WL 1084556
(S.D.N.Y. Apr. 24, 2006) ............................................................................................4

*Torres v. Gristede's Operating Corp.*, No.04Civ.3316(PAC), 2006 WL 2819730
(S.D.N.Y. Sept. 29, 2006)............................................................................................15

*Transp. Ins. Co. v. Star Indus.*, No. CV01-1341(ARL), 2005 WL 1801671
(E.D.N.Y. July 28, 2005)............................................................................................8

*United States v. Harris*, 733 F.2d 994 (2nd Cir. 1984)............................................9, 10

*United States v. Joy*, 192 F.3d 761 (7th Cir. 1999)............................................8

*United States v. Kohan*, 806 F.2d 18, (2nd Cir. 1986)............................................9, 10

*Villatoro v. Kim Son Restaurant, L.P.,* 286 F. Supp. 2d 807 (S.D. Tex. 2003)............................10

*Wajcman v. Investment Corp. of Palm Beach*, No. 07-80912-CIV, 2008 WL 783741
(S.D. Fla. Mar. 20, 2008)............................................................................ 12, 13, 14

*White v. MPW Industrial Services, Inc.,* 236 F.R.D. 363 (E.D. Tenn. Mar 21, 2006)................11

*Williams v. Twenty Ones, Inc.*,  No. 07 Civ 3978(LAP), 2008 WL 2690734
(S.D.N.Y. June 30, 2008) ............................................................................................10

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ............................................12

*Zakre v. Norddeutsche Landesbank Girozentrale*, 396 F. Supp. 2d 483 (S.D.N.Y. 2005).........8, 9

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297(KMW), 2001 WL 845000
(S.D.N.Y. May 7, 2001) ............................................................................................6

**STATUTES**

29 U.S.C. § 203(m) ........................................................................................12, 13

29 U.S.C. § 216(b) ...............................................................................................1

**OTHER AUTHORITIES**

Fed. R. Evid. § 801 .............................................................................................9

Fed. R. Evid. § 801(d)(2) .....................................................................................9

J. Sullivan Individual Practices 2(A). .................................................................7

Local Rules 6.1 ....................................................................................................7

Plaintiffs submit this reply memorandum in response to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. § 216(b) ("Opp.") and in further support of their motion for conditional collective certification and notice ("Mot.").

## I.  PRELIMINARY STATEMENT

Plaintiffs have brought FLSA claims on behalf of themselves and other tipped employees (including captains, servers, runners, bussers, bartenders and barbacks) who were employed at Jean George restaurants throughout the last three years to seek unpaid wages for themselves and other tipped employees.  (Mot. at 2, 3; Second Am. Compl. ¶ 19[1]).  Plaintiffs have now moved for conditional collective certification.

The sole question before the Court on this motion is whether there are persons "similarly situated" to Plaintiffs who "were potentially subjected to the defendants alleged failure to pay [wages pursuant to the FLSA]."  *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).  Plaintiffs have more than met their "minimal" burden by showing that they and the rest of the putative class were all subject to the same policies and plans alleged to be in violation of the FLSA.  The putative collective action members were all tipped employees, were all forced to share their tips with management and non-customarily tipped employees, and were all paid below the federal minimum wage.

Defendants' response focuses predominantly on disputing liability and attacking Plaintiffs' declarations.  However, Defendants' merits-based arguments are irrelevant to the

---

[1]    Plaintiff's Second Amended Complaint was submitted on February 8, 2008; Defendant's answered the Second Amended Complaint on July 3, 2008.  For unknown reasons, Plaintiffs' Second Amended Complaint was not recorded on the Court's ECF system.  A copy of Plaintiff's Second Amended Complaint is attached to Kirschenbaum Declaration, dated July 17, 2008, as Exhibit A.

procedural question of conditional certification posed by this motion. Defendants' attacks on Plaintiffs' declarations are baseless. Thus, the Court should grant Plaintiffs' motion.

## II. ARGUMENT

### PLAINTIFFS HAVE SATISFIED THE REQUIREMENTS FOR CERTIFYING A COLLECTIVE ACTION AND ORDERING NOTICE.

"Courts typically undertake a two-stage review in determining whether a suit may proceed as a collective action under the FLSA." *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007) (internal citations and quotations omitted). At the notice stage[2] "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens n' Things, Inc.*, NO. 06Civ.12901(CM)(LMS), 2007 WL 1552511, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007) (adopted by, 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y. May 29, 2007)); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. Jan 29, 2007) ("At the first stage, the court will look at the pleadings and affidavits. If the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met, the court certifies the class as a collective action.") (internal quotation omitted). Plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. America Online, Inc.*, No. 99-CIV-3785(KTD), 2008 WL 465112, at *1-2 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted) (emphasis in original). It is sufficient for plaintiffs to make a "modest factual showing" that putative class members "together were

---

[2]    "The second step of the certification analysis occurs upon completion of discovery." *Cuzco*, 477 F. Supp. 2d at 632; *Masson v. Ecolab, Inc.*, No. 04 Civ. 4488(MBM), 2005 WL 2000133, at *14 (S.D.N.Y. Aug. 17, 2005) (second stage occurs "after discovery is largely complete."). Little discovery has been exchanged in this case, and Defendant does not – could not – dispute that this case is at the notice stage.

victims of a common policy or plan that violated the law." *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted); *Iglesias-Mendoza*, 239 F.R.D. at 367 (same). The low standard is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated - which requires a more "stringent" inquiry - is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105. Plaintiffs have easily met this lenient standard.

Contradictorily, Defendants argue that certification should not be "lightly granted,"[3] while acknowledging – as they must – that plaintiff's burden is very light.

Defendants rely on cases in which courts denied certification of collective actions because plaintiffs presented little to no supporting evidence. In *Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. Jun. 12, 2006), the court simply recognized that "mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." (internal quotation omitted). The *Prizmic* court denied conditional certification because the "plaintiff ha[d] not submitted *any* evidence by affidavit or otherwise [in support of certification]." *Id.* at 3 (emphasis in original). The *Prizmic* plaintiff did not "submit[] any specific facts concerning his employment nor connecting his situation to others that he claims are similarly situated." *Id.* Similarly, in *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995), an ADEA plaintiff made only "broad and vague" allegations of class-wide discrimination with "meager factual support." *See also Haynes v. Singer*, 696 F.2d 884, 887 (11th Cir. 1983) ("Our review of [the lower court's decision to not certify or permit notice] must

---

[3]     In support of its argument that certification should not be lightly granted, Defendants cite *Holt v. Rite-Aid Corp.*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004). Defendants fail to acknowledge that the *Holt* court applied a more stringent analysis because "extensive discovery" had already been conducted, and the court was presented with "fairly extensive evidence" at the time of the motion for certification. As little discovery has been exchanged in this case, there is no basis for the Court to apply a more stringent analysis.

be premised upon the evidence that was before the district at that time. *There was none*."); *Severston v. Phillips Beverage Co.*, 137 F.R.D. 265, 266 (D. Minn. 1991) (the only evidence in support of court-authorized notice was the complaint pleading); *Morales v. Plantworks, Inc.,* No.05Civ.2349(DC), 2006 WL 278154, at *2 (S.D.N.Y. 2006) (denying certification where no substantive affidavit was submitted and no evidence was presented of similarly situated employees).

Here, Plaintiffs have submitted thirteen detailed and specific declarations evidencing that the potential plaintiffs were similarly situated. *See Levy v. Verizon Info. Servs.*, Nos. 06CV1583(NG)(SMG), 06CV5056(NG)(SMG), 2007 WL 1747104, at *4-5 (E.D.N.Y. June 11, 2007) (court found that declarations and allegations in complaint justified conditional certification). *See also, e.g. Khalil v. Original Homestead Rest., Inc.*, No. 07Civ695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.,* No. 05-10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and three affidavits; *Mazur v. Olek Lejbzon & Co.,* No. 05-2194, 2005 WL 3240472, at *4-5 (S.D.N.Y. Nov. 30, 2005) (certifying collective action based upon declarations of three plaintiffs, notwithstanding defendants allegation that "Plaintiffs 'rely on nothing more than boilerplate conclusory allegations' that other employees were not paid overtime.")

## A.    Plaintiffs Have Made The "Modest Factual Showing" Required For Conditional Certification.

Plaintiffs allege that Defendants deprived them and the other putative plaintiffs of wages as required under the FLSA, including by allowing management and non-customarily tipped employees to take a portion of employees' tip pool.[4]

---

[4]    Neither managers nor non-customarily tipped employees may participate in a tip pool. *See infra* Section D.

4

1. **Plaintiffs' Made A Factual Showing That The Putative Class Members Are Similarly Situated.**

Plaintiffs have supported their allegations in the Amended Complaint with the detailed declarations of current and former employees of Defendant. *See* Declarations of Isaiah Gerafino, Lenford Johnston, Sara Faust, Angel Leon, Arthur Charnesky, Brooke Edwards, Chelsea Lindman, Golam Chowdhury, Rosalina Walter, Timothy Bern, Victor Melendez, Virginia Worley, and Mark Buettler.

These declarations show that all putative collective members were subject to the same policies or plans regarding the pooling of their tips. The declarations also show that managers took part in the putative collective members' tip pools.[5] The substantial number of "opt-in" plaintiffs (approximately 38)[6] further demonstrates that court facilitated notice to putative collective members is appropriate. *See Lynch v. United Services Automobile Association,* 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007) (filed consents of additional opt-in plaintiffs established that other "putative class members exist who may be interested in opting into this litigation."). At the very least, Plaintiffs have identified "a group of workers who were subject to some of the same workplace requirements and parameters as [the plaintiff]." *Cuzco,* 477 F. Supp. 2d. at 634.

2. **Defendant's Opposition Further Establishes That Potential Class Members Are Similarly Situated.**

Although plaintiffs dispute much of defendant's assertions, it is evident from Defendant's assertions that all potential class members are subject to the same policies and plans regarding their compensation, including a tip pool in which management takes part.

---

[5]  As discussed below, Plaintiffs' declarations are fully admissible. *See infra* Section B.

[6]  As a result of Plaintiff's filing of an amended complaint on January 3, 2008, the docket erroneously says that individuals who opted-in prior to January 3, 2008 have been terminated from the case. In actuality, no plaintiffs or opt-ins have been terminated from the case.

Defendants admit that each restaurant has at least one "Maitre d'" and one "Door Maitre d'" and that these individuals participated in the tip pool during the relevant period.[7]  (Opp at 3, 4)  Defendants admit that "Maitre d's" spend most of their time supervising the service performed by other employees.  (Opp. at 3 ("During each service the Maitre d's spent a significant amount of time on the dining room floor making sure the service was running smoothly."))  Defendants admit that each Restaurant had a tip pool in which all tips were put and that employees receive a certain number of "points" in the pool.  (Opp. at 6).

**3.    The Court Should Not Resolve Factual Disputes At This Stage.**

Defendant has not shown that putative class members are dissimilar from each other; rather, Defendants dispute Plaintiff's claims and facts.    Defendants assertion of facts in contradiction to the movant's contentions is not sufficient to preclude certification of the collective action.  "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch*, 491 F. Supp. 2d at 368; *Francis v. A&E Stores, Inc.*, No. 06Civ.1638(CLB)(GAY), 2008 WL 2588851, at *2 (S.D.N.Y. June 26, 2008) (same) *Dumitrescu v. Mr. Chow Enterprises, LTD*, No. 07 Civ. 3601(PKL), 2008 WL 2600667, at *3 (S.D.N.Y. June 30, 2007) (same).  *See also Zhao v. Benihana, Inc.*, No. 01 Civ. 1297(KMW)**,** 2001 WL 845000, *2 (S.D.N.Y. May 7, 2001) (granting court-facilitated notice where "plaintiff's allegations and supporting affidavits successfully engage defendant's affidavits to the contrary") (internal quotation omitted);

Citing *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005), Defendants argue that the Court should assess and devalue Plaintiff's evidence.    But as explained by the Eastern District of New York, "the *Harrison* court appears to have applied a

---

[7]    Although Defendants refer to these employees as "Maitre d's" and "Door Maitre d's" in their Opposition, the titles do not alter the fact that these employees are managers.

6

more stringent standard than is applicable here. The standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, No. 06-CV-6387 (DLI)(VVP), 2008 WL 2303493, at *7 (E.D.N.Y. May 30, 2008) "[A]rguments[] which attack the potency of plaintiffs' factual allegations under the FLSA[] have no bearing on whether the potential opt-in plaintiffs are similarly situated to the current plaintiffs." *Dumitrescu*, 2008 WL 2600667, at *5.

Moreover, the declarations submitted by Defendants – all from current employees or executives – should be put into proper perspective. Defendants submits declarations from Maitre d's, Floor Managers, an Assistant General Manager, General Managers, and the Director of Operations of Jean-Georges Management. Aside from their self-serving quality, the declarations are unreliable because statements gathered by employers from current employees are inherently coercive. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 240 (1978) ("The danger of witness intimidation is particularly acute with respect to current employees – whether rank and file, supervisory, or managerial – over whom the employer, by virtue of the employment relationship may exercise intense leverage.") *Cf. Bublitz v. E.I. duPont do Nemours & Co.*, 196 F.R.D. 545, 547 (S.D. Iowa 2000) ("[T]he at-will employer-employee relationship between Defendants and the putative class members produces a strong potential for coercion. . . .")

**B.      Plaintiffs' Declarations Should Not Be Stricken.**

In violation of local rules and the Court's individual practices, Defendant used their Opposition as a vehicle to make a motion to strike selections from Plaintiffs' declarations. *See* Local Rules 6.1; J. Sullivan Individual Practices 2(A). Nevertheless, even if Defendant had properly moved to strike Plaintiffs' declarations, such a motion would fail on its merits.

1.    **Plaintiffs' Declarations Are Based On Personal Knowledge.**

Plaintiffs submitted declarations based upon personal knowledge developed from personal observations, interactions and experiences working for Defendants.

An affiant may testify to conclusions based on her personal observations over time. *Searles v. First Fortis Life Ins. Co.*, 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000). *See Transp. Ins. Co. v. Star Indus.*, No. CV01-1341(ARL), 2005 WL 1801671, at *3 n.4 (E.D.N.Y. July 28, 2005) ("[T]he law is clear that an affiant's personal observations over time may constitute personal knowledge."); *New York v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000) ("A witness's conclusions based on personal observations over time may constitute personal knowledge.") *See also Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 606 (D.N.J. 2004) (finding that a person in the affiant's job position "would have sufficient knowledge of company operations to support the assertions" made in the affidavit).

"[B]ecause most knowledge is inferential, personal knowledge includes opinions and inferences grounded in observations or other first-hand experiences." *Holman v. Trammell Crow Co.*, No.03-3603, 2005 WL 562738, at *1 (E.D. Penn. Mar. 7, 2005) (quoting *United States v. Joy*, 192 F.3d 761, 767 (7th Cir. 1999)). *See also Mattioli v. Media News Group*, No. Civ.A.97-CV-4846, 1999 WL 729255, at *1 (E.D. Penn. Sept. 8, 1999) (Personal knowledge includes inferences and opinions that are "grounded in observation or other first-hand personal experience.") (internal quotation omitted)   An affiant may testify to and summarize her impressions. *Zakre v. Norddeutsche Landesbank Girozentrale*, 396 F. Supp. 2d 483, 504 (S.D.N.Y. 2005).

Every day throughout their employment with Defendants, plaintiffs observed the work performed by their managers (aka "Maitre d's" and "Door Maitre d's.")   Based upon their

observations, Plaintiffs could describe and make conclusions as to their managers' job duties and work performance.

An affidavit is sufficiently based on personal knowledge if "a reasonable trier of fact could believe the [affiant] had personal knowledge." *Shannon v. N.Y. City Transit. Auth.*, 189 F. Supp.2d 55, 66 (S.D.N.Y. 2002) (quoting *St. Francis Hosp.*, 94 F. Supp. 2d at 425). A reasonable trier of fact would believe that Plaintiffs have personal knowledge of the work performed by their managers. *See Zakre*, 396 F. Supp. 2d at 505 ("[A] reasonable jury may find that [the affiant's] testimony is based on her personal knowledge gained at the [employer], and therefore, there is no reason to strike this portion of her affirmation.")

### 2.    Plaintiffs' Declarations Do Not Contain Hearsay.

Defendant incorrectly claims that Plaintiffs' declarations contain inadmissible hearsay. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. § 801. Defendant cites to Plaintiffs declarations which state that employees referred to "Maitre d's" as "managers." (Opp. at 11) However, these statements are not offered in evidence to prove the truth of the matter asserted and are not hearsay. Rather, the statements are presented to show that the statements were made, were believed to be true by the declarants, and were believed to be true by employees who overheard the statements. *See United States v. Kohan*, 806 F.2d 18, 22 (2nd Cir. 1986) (ruling that statement presented as evidence that the statement was made and believed by the listener was not hearsay); *United States v. Harris*, 733 F.2d 994, 1004 (2nd Cir. 1984) (statements presented to show the state of declarants mind are not hearsay).[8]

---

[8]    Further, even if the statements were offered in evidence to prove the truth of the matter asserted, they would be admissible as statements by the party-opponent's agent or servant concerning a matter within the scope of their employment. Fed. R. Evid. § 801(d)(2).

Defendant also objects to Plaintiffs' declarations stating that general manager introduced individuals ("Maitre d's" and "Door Maitre d's") as "managers" who had "full authority over the terms of [their] work."  (Opp. at 11)  These statements are admissible because they are "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."  Fed. R. Evid. § 801(d)(2).  Indeed, this is supported by one of the cases cited by Defendant.  *Harrison*, 411 F. Supp. 2d at 867 (S.D. Ohio 2005) (ruling that statement by restaurant manager was an "admission of a party opponent" and thus, admissible)  *See also Villatoro v. Kim Son Restaurant, L.P.,* 286 F. Supp. 2d 807, 810 n.8 (S.D. Tex. 2003).[9]

### 3.    Even if Plaintiffs' Declarations Contained Hearsay or Statements Outside of the Plaintiffs' Personal Knowledge, the Declarations Should Not Be Stricken.

Declarations presented as evidence for conditional certification do not need to meet Rule 56(e) standards.  "[I]nitial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations. Further, the Court is not being asked for a determination on the merits and the Defendant will have another opportunity to object to class certification after discovery."  *Fasanelli v. Heartland Brewery Inc.,* 516 F. Supp 2d. 317, 322 (S.D.N.Y. 2007) (rejecting defendants objection to "the Plaintiff's use of portions of these Declarations as: 'inadmissible hearsay, speculation, personal beliefs and conclusions.')  *Williams v. Twenty Ones, Inc.*, No. 07 Civ 3978(LAP), 2008 WL 2690734, at *2 (S.D.N.Y. June 30, 2008) (rejecting Defendants objection to plaintiffs affidavits and ruling that "[t]he Court will also be better equipped at [the second stage] to assess the validity of Defendants' claim that the affidavits in the records are either inaccurate or not based

---

[9]    Even if the Court does not consider the statements admissions by party-opponents, the statements are admissible as non-hearsay statements to show that the statements were made, were believed to be true by the declarants, and were believed to be true by employees who overheard the statements.  *See Kohan*, 806 F.2d at  22; *Harris*, 733 F.2d at 1004.

on personal knowledge."); *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. Mar 21, 2006) ("the Court believes that the better view is that such factual support [for conditional certification] need not meet the evidentiary standards set forth in Rule 56(e)."); *Coan v. Nightingale Home Healthcare, Inc.*, No.1:05-CV-0101-DFH-TAB, 2005 WL 1799454, at *1 n.1. (S.D. Ind. June 29, 2005) (at the notice stage of a collective action "plaintiffs need not come forward with evidence in a form admissible at trial.") *See also Levitt v. PriceWaterhouseCoopers, LLP*, 04 Civ. 5179(RO), 2007 WL 2106309, at *1 (S.D.N.Y. July 19, 2007) (denying motion to strike declarations in support of Rule 23 class certification motion due to personal knowledge, and holding that "[o]n its face, Rule 56(e) applies only to affidavits made regarding motions for summary judgment not motions for class certification.")[10]  Accordingly, even if the Court were to find that the declarations contained statements which contained heresay or were not based upon personal knowledge, the statements should not be stricken.

**C.     Defendants' Merits-Based Arguments Are Irrelevant At This Stage.**

    Defendants devote majority of the remainder of their opposition to disputing Plaintiff's legal assertions.   However, the merits of Plaintiffs' claims are not at issue at this stage. *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants opposition relies on a detailed factual dispute about whether the Defendants maintain an "illegal off-the clock" policy, "illegal tip retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."). "[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case."

---

[10]    Even in one of the cases on which Defendant relies, *Richards v. Computer Scis. Corp.*, No. 3-03-CV-00630(DJS), 2004 WL 2211691, at *2 (D. Conn. Sept 28, 2004), the court found that **"**[t]he standard for proceeding with discovery and notice as a collective action under the Fair Labor Standards Act is lower than the bar imposed on non-movants attempting to show a genuine issue of material fact at the summary judgment stage."

*Kreuger v. New York Tele. Co.,* Nos. 93 CIV. 0178-79, 1993 WL 276058, *2 (S.D.N.Y. July 21, 1993) (emphasis in original)  "At this conditional certification stage, the focus of the inquiry "is not on whether there was has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. 216(b) with respect to their allegations that the law has been violated." *Levy*, 2007 WL 1747104, at *3 (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).  *Gjurovich*, 282 F. Supp. 2d at 105 ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff"); *Lynch*, 491 F. Supp.2d at 369 ("Because courts do not weigh the merits of the claim, extensive discovery is not necessary at the notice stage.")

## D.    Plaintiff Will Be Successful On The Merits.

Although it is premature to discuss the law at this stage, Plaintiffs will briefly respond to Defendants' legal representations.  An employer must strictly comply with the FLSA to be eligible to take a tip credit. *Chan v. Sung Yue Tung Corp.*, 2007 WL 313483, at *17 (S.D.N.Y. Feb. 1, 2007)  Defendant is correct that neither an "employer" nor an employee who does not "customarily and regularly receive tips" may participate in a tip pool. *See* 29 U.S.C. § 203(m); *Chung v. New Silver Palace Rest.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002)  (invalidating a tip-pool in which management took part); *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998) (ruling that an employee who "was not an employee 'who customarily and regularly received tips,'" could not be part of the tip-pool.)

"[E]mployees who exercise substantial managerial authority over the day to day operations of the business are functionally the 'employers' themselves." *Wajcman v. Investment Corp. of Palm Beach*, No. 07-80912-CIV, 2008 WL 783741, at *3 n.1 (S.D. Fla. Mar. 20, 2008)

In determining whether an employee is an employer, courts apply the "economic reality" test which considers the "totality of circumstances, no one of which is exclusive."[11] *Chan*, 2007 WL 313483, at *12 (internal quotation omitted). An employee may be an employer without having "any sort of absolute control. . . ." *Id.*

It is evident from the facts that the "Maitre d's" and "Door Maitre d's" have "substantial managerial authority over the day to day operations of the business" and are thus employers. *See Mot.* at 5-6 and accompanying footnotes 11-19 (citing declarations) *See Wajcman*, 2008 WL 783741, at *3 n.1. As employers, it is irrelevant whether these managers performed any service. *Id.* at *3 n.1 (ruling that "the practice of forced sharing of tips with management is an illegal practice, regardless of whether the members of management are also engaged in services that could be the subject of tipping."); *Chung*, 246 F. Supp. 2d at 229 (invalidating a tip-pool in which management took part and finding it irrelevant "whether or not the members of management were engaged in restaurant services that could be the subject of tipping.")

Additionally, employees who do not "customarily and regularly receive[] tips" can not take part in the tip-pool. 29 U.S.C. § 203(m). *See Chan,* 2006 WL 851749, at *14 (ruling that under the FLSA, "employers are not merely barred from taking the tip credit if *they* share in the tip-pool, but they are barred from taking the tip credit if *any person* who does not "customarily and regularly receive tips" shares in the tip-pool") (emphasis in original). Accordingly, even if the Court found that "Maitre d's" and "Door Maitre d's" were not employers, they would not be eligible to take part in the tip pools as they do not "customarily and regularly receive[] tips."[12]

---

[11] Courts have considered various factors including: whether the employee could hire or fire others; whether the employee supervised and controlled work schedules; whether the employee supervised and controlled conditions of employment; whether the employee determined the rate and method of payment; and whether the employee was involved in the maintenance of employment records. *Chan*, 2007 WL 313483, at *12

[12] Additionally, Defendant's coffee makers and silver polishers who do not perform direct service should not be part of the tip pools.

13

*See* Mot. at 6-7 and accompanying footnote 20 (citing to declarations).    The employee must "perform[] important customer service functions" to be considered an employee who "customarily and regularly" receives tips. *Wajcman*, 2008 WL 783741, at *3.    The "quantity and quality of customer interaction" is considered. *Id.* at *4. *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550-551 (6th Cir. 1999) (holding that employees who engaged in food preparation, did not engage in "direct intercourse with diners, [and who] worked entirely outside the view of restaurant patrons" during their shift, could not be included within the tip-pool.)

**E.    The Court Should Conditionally Certify All Of Plaintiffs' FLSA Claims.**

Plaintiff moved for collective certification on behalf of all tipped employees who were employed by Jean George restaurants throughout the last three years to recover unpaid wages. All of the tipped employees were subject to Defendants' illegal tip pooling practices.  All tipped employees were also subject to other FLSA violations, including Defendants' deduction of time from the employees' paychecks and failure to pay employees for all hours worked.  (*See* Second Am. Compl. ¶ 31)[13]    Contrary to Defendant's allegations, Plaintiffs did not "abandon" the collective certification of the time shaving claims (*See* Opp. at 22); rather, Plaintiffs did not receive the documentation evidencing class-wide time shaving until after the February 19, 2008 filing of their original collective certification motion.[14]  (*See* Kirschenbaum Decl., dated July 17, 2008).

Although Plaintiffs have not provided detailed information as to *all* of Defendants' FLSA violations, Plaintiffs have shown that putative class members "were all subjected to FLSA

---

[13]   Defendants' acknowledged in their Opposition that they were fully aware of these off-the-clock claims.  (*See* Opp. at  23-25.)

[14]   If the Court believes it would be helpful, Plaintiffs can submit supplementary documentary evidence demonstrating the time shaving.

violations . . . ." *Dumitrescu*, 2008 WL 2600667, at *5 (certifying a class of employees who were subject to different FLSA violations by defendant).    Accordingly, the Court should conditionally certify the collective action for all FLSA claims to which all putative class members were subjected.[15]  Of course, if in the future, the Court believes it would be efficient or appropriate to separate the FLSA claims, it may do so at that time.  *Cf. Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998) (recognizing that after discovery a court may divide the collective action into subgroups.)

### III.  CONCLUSION

Because Plaintiffs have sufficiently carried their light burden of making a modest factual showing that they are similarly situated, the Court should grant their motion for conditional collective certification and notice.

---

[15]    Contrary to Defendants' representations, "[d]istrict courts in this circuit regularly grant certification [in "off-the-clock and altered time sheet cases.]  *Laroque*, 2008 WL 2303493, at *6.  *See also, e.g. Torres v. Gristede's Operating Corp.*, No.04Civ.3316(PAC), 2006 WL 2819730, at *11 (S.D.N.Y. Sept. 29, 2006); *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 82-84 (E.D.N.Y. 2008); *Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344, 349  (W.D.N.Y. 2007); *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006);

Dated:  July 17, 2008                    Respectfully submitted,


                                         JOSEPH & HERZFELD LLP

                                         By:    /s/ Michael D. Palmer
                                             Michael D. Palmer (MP-5090)
                                             D. Maimon Kirschenbaum (DK-2338)
                                             Charles Joseph (CJ-9442)
                                             757 Third Avenue, 25th Floor
                                             New York, New York 10017
                                             (212) 688-5640
                                             Fax: (212) 688-2548
                                             mpalmer@jhllp.com
                                             maimon@jhllp.com

                                         *Attorneys for Plaintiffs, proposed collective
                                         action members and proposed class*