UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

ISAIAH GERAFINO, LENFORD
JOHNSTON, SARA FAUST, SUKOL
PHAIROJ, CHELSEA LINDMAN
VIRGINIA WORLEY, ROSALINA
WALTER and THOMAS CAMPBELL on
behalf of themselves and all other similarly
situated,

                 Plaintiffs,

        -against-

JEAN-GEORGES ENTERPRISES, LLC;
JEAN-GEORGES MANAGEMENT LLC;
PERRY STREET PROJECT LLC;
TRIOMPHE RESTAURANT CORP. d/b/a
JEAN GEORGES RESTAURANT and
NOUGATINE; ORIGINE LLC d/b/a JOJO
RESTAURANT; SPICE MARKET LLC;
LEONARD STREET LLC d/b/a 66
RESTAURANT; JEAN-GEORGES
VONGERICHTEN and JOHN DOES 1-10

               Defendants.

------------------------------------------------------ x

Civil Action No.: 07-6729 **(RJS) (JCF)**

**JOINT STIPULATION OF**
**SETTLEMENT AND RELEASE**

THE PARTIES STIPULATE AND AGREE as follows:

This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") or

"Settlement") is made and entered into on September 10, 2008, by and between named Plaintiffs

Isaiah Gerafino, Lenford Johnston, Sara Faust, Sukol Phairoj, Chelsea Lindman, Virginia

Worley, Rosalina Walter and Thomas Campbell, individually and on behalf of the class they

represent ("Plaintiffs" or "Class Representatives") and Defendants Jean-Georges Enterprises,

LLC, Jean-Georges Management LLC, Perry Street Project LLC; Triomphe Restaurant Corp.,

d/b/a Jean-Georges Restaurant and Nougatine; Origine LLC d/b/a JoJo Restaurant; Spice Market

LLC[1]; Leonard Street LLC d/b/a 66 Restaurant and Jean-Georges Vongerichten, its parent corporations, subsidiaries, predecessors or successors, affiliated entities and all agents, employees, officers, directors and attorneys thereof ("Defendants" or "Jean-Georges"), and is subject to the terms and conditions hereof and the approval of and confirmation by the Court. Plaintiffs and Defendants may be referred to collectively as "the Parties."

1.      On July 26, 2007, Plaintiffs filed a collective action and a class action Complaint in the Southern District of New York, Case Number 07 cv 6729 (the "Lawsuit"), captioned *Isaiah Gerafino, Lenford Johnston, Sara Faust, Sukol Phairoj, Chelsea Lindman and Thomas Campbell, on behalf of themselves and al others similarly situated v. Jean-Georges Enterprises, LLC; Jean-Georges Management LLC; Perry Street Project LLC, Triomphe Restaurant Corp., Jean-Georges Vongerichten and Phil Suarez.* The Lawsuit alleged, *inter alia*, that Plaintiffs and other employees who worked at Defendants Perry Street restaurant from July 14, 2005 through preliminary approval of the Parties joint stipulation of settlement and release (hereinafter "_____ __, 2008"), and Defendants Jean-Georges restaurant from July 26, 2001 through _____ __, 2008 had been deprived of a portion of their tips as a result of a practice to share their tips with Maitre'd/Floor Managers and were not paid for all hours worked.  The Lawsuit sought, among other things, unpaid wages, restoration of tips, restitution, penalties, prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs.

On January 2, 2008, Plaintiffs filed an Amended Complaint in the Lawsuit, captioned *Isaiah Gerafino, Lenford Johnston, Sara Faust, Sukol Phairoj, Chelsea Lindman and Thomas Campbell, on behalf of themselves and al others similarly situated v. Jean-Georges Enterprises, LLC; Jean-Georges Management LLC; Perry Street Project LLC, Triomphe Restaurant Corp., d/b/a Jean Georges Restaurant and Nougatine, Origine LLC d/b/a JoJo Restaurant, Spice Market LLC, Leonard Street LLC d/b/a 66 Restaurant and Jean-Georges Vongerichten.* The

---

[1] In 2007, Spice Market LLC changed its corporate name to Spice Market NY, LLC.

2

Lawsuit alleged, *inter alia*, that Plaintiffs and other employees who worked at Defendants Perry Street restaurant from July 14, 2005 through _____ __, 2008, Defendants Jean-Georges restaurant from July 26, 2001 through _____ __, 2008 Defendants JoJo restaurant from October 1, 2001 through _____ __, 2008, Defendants Spice Market restaurant from February 12, 2004 through _____ __, 2008 and Defendants 66 restaurant from May 17, 2003 through April 15, 2007 had been deprived of a portion of their tips as a result of a practice to share their tips with Maitre'd/Floor Managers and were not paid for all hours worked. The Lawsuit sought, among other things, unpaid wages, restoration of tips, restitution, penalties, prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs.

On February 8, 2008, Plaintiffs filed a Second Amended Complaint in the Lawsuit, captioned *Isaiah Gerafino, Lenford Johnston, Sara Faust, Sukol Phairoj, Chelsea Lindman, Virginia Worley, Rosalina Walter and Thomas Campbell, on behalf of themselves and al others similarly situated v. Jean-Georges Enterprises, LLC; Jean-Georges Management LLC; Perry Street Project LLC, Triomphe Restaurant Corp., d/b/a Jean Georges Restaurant and Nougatine, Origine LLC d/b/a JoJo Restaurant, Spice Market LLC, Leonard Street LLC d/b/a 66 Restaurant and Jean-Georges Vongerichten.* The Lawsuit alleged, *inter alia*, that Plaintiffs and other employees who worked at Defendants Perry Street restaurant from July 14, 2005 through _____ __, 2008, Defendants Jean-Georges restaurant from July 26, 2001 through _____ __, 2008 Defendants JoJo restaurant from October 1, 2001 through_____ __, 2008, Defendants Spice Market restaurant from February 12, 2004 through _____ __, 2008 and Defendants 66 restaurant from May 17, 2003 through April 15, 2007 had been deprived of a portion of their tips as a result of a practice to share their tips with Maitre'd/Floor Managers and were not paid for all hours worked. The Lawsuit sought, among other things, unpaid wages, restoration of tips, restitution, penalties, prejudgment interest, liquidated damages, post-judgment interest, and attorneys' fees and costs. A motion for conditional certification as a collective action under 29 U.S.C. § 216(b) was filed in the Lawsuit on February 19, 2008.

2.      For purposes of this Stipulation of Settlement, there shall be one "Settlement Class."  The

Settlement Class shall be defined as follows:

> "All persons who were employed by Defendants, at its Perry Street
> restaurant from July 14, 2005 through _____ __, 2008, Jean-
> Georges restaurant from July 26, 2001 through _____ __, 2008,
> Spice Market restaurant from February 12, 2004 through _____
> __, 2008, JoJo restaurant from October 1, 2001 through _____
> __, 2008, 66 restaurant from May 17, 2003 through April 15, 2007,
> as a server, front waiter, captain, sommelier, busser, runner,
> "office" worker, coffee worker, cocktail servers, bartender or
> barback, where applicable, and inclusive."

The periods specified above, and inclusive, may be referred to as the "Class Period."

3.      Beginning in November 2007, the Parties engaged in settlement discussions.  On or about

July 17, 2008, the Parties reached a tentative settlement, subject to approval and confirmation by

the Court.  The Parties now are entering into a detailed, formalized settlement agreement to

submit to the Court for preliminary and final approval.

4.      Solely for purposes of settling the Lawsuit, the Parties conditionally stipulate and agree

that the requisites for establishing class certification with respect to the Settlement Class have

been met and are met, and, therefore, for purposes of effectuating this Stipulation of Settlement,

the Parties stipulate to class certification.  More specifically, the Parties conditionally stipulate

and agree that:

        a.      The Settlement Class is so numerous as to make it impracticable to join all

Settlement Class members.

        b.      There is an ascertainable Settlement Class.

        c.      Common questions of law and fact exist.

        d.      Plaintiffs' claims are typical of the claims of the members of the Settlement Class.

        e.      D. Maimon Kirschenbaum, Esq. and Charles Joseph, Esq. of Joseph & Herzfeld

LLP, and Jeffrey E. Goldman Esq. of the Law Offices of Jeffery E. Goldman, 501 Fifth Avenue,

Suite 1900, New York, New York 10017 should be deemed "Class Counsel" and have and will fairly and adequately protect the interests of the Settlement Class.

       f.      The prosecution of separate actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct.

       g.      Questions of law and fact common to the members of the Settlement Class predominate over questions affecting individual members of the Settlement Class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

5.      If, for any reason, the Court does not grant final approval of the Settlement, the stipulation of class certification shall be void *ab initio*.  Defendants expressly reserve their right to oppose class certification should the Settlement not become final.  Neither this Stipulation of Settlement, nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

6.      Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in the Lawsuit, and further deny that, for any purpose other than settling this Lawsuit, the action is appropriate for class or other representative treatment.  Defendants deny, among other things, that they unlawfully denied Plaintiffs any tips to which they were entitled. Additionally, Defendants deny that they failed to compensate Plaintiffs for all hours worked. Defendants contend, among other things, that they have complied at all times with the Fair Labor Standards Act and the New York Labor Laws.  Plaintiffs, on the other hand, believe the Lawsuit is meritorious.

7.      Defendants have conducted an investigation into the allegations raised by the Plaintiffs in the Lawsuit and evaluated the information elicited through its investigation and have concluded that, despite their good faith belief that they are not liable for any of the claims asserted in the Lawsuit and that it has good defenses to those claims, they will enter into this Settlement to

obtain the conclusive and complete dismissal of the Lawsuit, and to avoid:  (i) the further expense, inconvenience and burden of this litigation, (ii) the distraction and diversion of its personnel and resources, and (iii) the risk and uncertainty of the outcome inherent in any litigation.  Defendants are willing to enter into this Settlement as a means to resolve fully all claims related to the allegations in the Lawsuit.

8.      Plaintiffs and Class Counsel have performed a thorough study of the law and facts relating to the claims asserted in the Lawsuit and have concluded, based upon their investigation and informal discovery, and taking into account the sharply contested issues, the expense and time necessary to pursue the action through the appeal and further litigation, the risks and costs of further prosecution of the Lawsuit, the uncertainties of the appeal and complex litigation, and the substantial benefits to the members of the Settlement Class, that a settlement with Defendants on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.  Plaintiffs, on their own behalf and on behalf of each Settlement Class member, have agreed to settle the Lawsuit on the terms set forth herein.

9.      It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between Defendants and the Settlement Class based on, arising out of, or directly related to the causes of action alleged in the Lawsuit, referred to herein as the "Released Claims" and as defined in Paragraph 16 below.  In order to achieve a full and complete release of Defendants (and the Releasees as defined in Paragraph 16) of such disputes and claims, each Settlement Class member (which includes any legal heirs and/or successors-in-interest of each Settlement Class member), through execution of the Stipulation of Settlement by the Class Representatives, acknowledges that this Stipulation of Settlement is intended to include in its effect all claims covered by the release applicable to the Settlement Class, all as more fully defined in Paragraph 18 below.

10.     The Parties agree to cooperate and take all necessary and appropriate steps to dismiss the Lawsuit with prejudice.

11.    This Settlement provides for a claims process requiring Defendants to make settlement payments to the Class Members according to a specified formula for each timely and valid claim submitted.  The maximum total payment under the Settlement, including all attorneys' fees and costs, the enhancement fees to the Class Representatives, the incentive awards, interest and any other payments provided by this Settlement (including the costs of administering the Settlement), is One Million Seven Hundred and Fifty Thousand Dollars and no cents ($1,750,000.00). Defendants shall pay the employer portion of government-mandated withholdings, which amount shall not be included in but will be in addition to, the maximum total payout.

## TERMS OF SETTLEMENT

12.    In consideration of the mutual covenants, promises and agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

a.    It is agreed by and among Plaintiffs and Defendants that the Lawsuit, and any claims, damages, or causes of action arising out of or related to the dispute, whether asserted or not, which are the subject of the Lawsuit, be settled and compromised as between the Settlement Class and Defendants, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

b.    Effective Date:  The settlement embodied in this Stipulation of Settlement shall become effective when all of the following events have occurred:

i.    this Stipulation of Settlement has been executed by all parties and by counsel for the Settlement Class and Defendants;

ii.    the Court has given preliminary approval to the settlement;

iii.    notice has been given to the Class Members, providing them with an opportunity to submit a request to be excluded from the settlement;

7

iv.      the Court has held a final approval hearing and entered a final order and judgment certifying the Class, dismissing this case with prejudice, and approving this Stipulation of Settlement; and

v.      the later of the following events:  April 18, 2009; or when the period for filing any appeal, writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; or any appeal, writ or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief; or any appeal, writ or other appellate proceeding has upheld the Court's final order approving the settlement with no right to pursue further remedies or relief.  In this regard, it is the intention of the Parties that the Settlement shall not become effective until the Court's order approving the Settlement is completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

c.      <u>Settlement Payments</u>:  Net Settlement Amount ("NSA") shall be calculated by deducting from Defendants' maximum total payment of One Million Seven Hundred and Fifty Thousand Dollars and no cents ($1,750,000.00) the sums set forth below as the anticipated payments under this Settlement for attorneys' fees and past, present and future costs; the Class Representative's Enhancement Fee and Incentive Awards (as set forth in subsection v and vi, below), and all costs of administration.  Settlement payments to Class Members who do not opt-out of this Settlement ("Qualified Class Members") will be calculated by Plaintiffs' Counsel and paid out of the NSA as set forth below ("NSA Payments").

i.      <u>Net Settlement Amount Payments</u>:  The settlement payments to the Qualified Class Members will be designated as payments for lost compensation, and other losses and/or penalties on a claims-made basis related to any and all claims or causes of action, whether known or unknown, which have been or could have been asserted against the Releasees (as defined in Paragraph 16, below), or any of them, under any federal, state or local law, the allegations made in the Lawsuit, including, but not limited to, the purported non-payment of

compensation or withholding of tips, or other relief requested or which could have been requested in the Lawsuit.

Class Counsel will handle administration of the settlement, subject to oversight and spot-checks as deemed necessary by Defendants' Counsel. All costs of administration of the settlement shall be paid by Class Counsel. Duties of administration of the settlement shall include, without limitation, mailing notices, performing address updates and verifications as necessary prior to the first mailing, mailing deficiency letters (if any), performing one skip trace on any returned mail, and the calculation, processing, and mailing of all class member settlement checks and tax forms (including Forms W-2 and 1099) to Settlement Class members and tax authorities.

The NSA Payments shall be calculated as follows for each restaurant: each Class Member within each restaurant will be classified, based on Defendants' records in one of the following categories: "Server," "Front Waiter," "Captain," "Sommelier," "Cocktail Server," "Runner," "Busser," "Office," "Coffee," "Bartender," or "Barback," according to the job held while employed at Defendants restaurants

**Perry Street**

Each Server, Front Waiter, Captain, Cocktail Server and Bartender will receive 7 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Runner and Barback will receive 5 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Busser, Sommelier, Office and Coffee employee will receive 4 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Class Member's Total Points shall be the sum of their weeks worked times the applicable multiplier. To the extent a Class Member worked two different positions within one week during the applicable Claim Period, that Class Member shall receive the higher of the two point positions for that week.

**Jean-Georges**

Each Server, Front Waiter, Captain, Cocktail Server and Bartender will receive 7 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Runner and Barback will receive 5 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Busser, Sommelier, Office and Coffee employee will receive 4 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Class Member's Total Points shall be the sum of their weeks worked times the applicable multiplier. To the extent a Class Member worked two different positions within one week during the applicable Claim Period, that Class Member shall receive the higher of the two point positions for that week.

**Spice Market**

Each Server, Front Waiter, Captain, Cocktail Server and Bartender will receive 7 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Runner and Barback will receive 5 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Busser, Sommelier, Office and Coffee employee will receive 4 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Class Member's Total Points shall be the sum of their weeks worked times the applicable multiplier. To the extent a Class Member worked two different positions within one week during the applicable Claim Period, that Class Member shall receive the higher of the two point positions for that week.

**JoJo**

Each Server, Front Waiter, Captain, Cocktail Server and Bartender will receive 7 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Runner and Barback will receive 5 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim

10

Period. Each Busser, Sommelier, Office and Coffee employee will receive 4 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Class Member's Total Points shall be the sum of their weeks worked times the applicable multiplier. To the extent a Class Member worked two different positions within one week during the applicable Claim Period, that Class Member shall receive the higher of the two point positions for that week.

**66**

Each Server, Front Waiter, Captain, Cocktail Server and Bartender will receive 7 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Runner and Barback will receive 5 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Busser, Sommelier, Office and Coffee employee will receive 4 points for each workweek that the employee recorded in the Defendants' records at any time during the applicable Claim Period. Each Class Member's Total Points shall be the sum of their weeks worked times the applicable multiplier. To the extent a Class Member worked two different positions within one week during the applicable Claim Period, that Class Member shall receive the higher of the two point positions for that week.

Class Counsel will be responsible for mailing a check to each Qualified Class Member in the value of that Class Member's claim, less any applicable withholdings that are not to be borne by Defendants. Defendants are not required under this settlement to make any further proceeds available from the NSA.

Defendants will deliver to Class Counsel the NSA Payments within Ten (10) calendar days following the Effective Date (as set forth in Paragraph 12(b) above).

      ii.    <u>Allocation Of Net Settlement Amount Payments</u>: The Parties have determined that the NSA Payments, will be treated as One-Third (1/3) earnings, subject to IRS Form W-2 reporting and, therefore, normal payroll taxes and withholdings will be deducted pursuant to state and federal law and Defendants will make all required contributions. The

remainder shall be treated as One-Third (1/3) interest and One-Third (1/3) liquidated damages sought in the Lawsuit and Class Members will be issued an IRS Form 1099 for that portion of their payments. Defendants shall be responsible for preparing all IRS Forms W-2, IRS Forms 1099 and Class Counsel. Class Counsel shall be responsible for preparing all notices, mailings, claims and administration in accordance with this Stipulation of Settlement. Class Members are responsible to pay appropriate taxes due on the NSA Payments they receive. Class Counsel and Defendants' Counsel do not intend this Stipulation of Settlement to constitute legal advice. To the extent that this Stipulation of Settlement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

iii.    <u>Settlement Payments Do Not Trigger Additional Benefits</u>:  All NSA Payments to Class Members shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members. It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle any Class Member to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the NSA Payments provided for in this Stipulation of Settlement are the sole payments to be made to the Class Members, and that the Class Members are not entitled to any new or additional compensation or benefits as a result of having received the NSA Payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

iv.    <u>Attorneys' Fees</u>:  Subject to Court approval and/or modification, Defendants further agree to pay attorneys' fees and past, present and future costs as set forth in Paragraph 14 below as part of Defendants' maximum payment amount.

v.    <u>Class Representative Enhancement Fee</u>:  Subject to Court approval, and as part of Defendants' maximum payment amount (as described in Paragraph 12(c), above), Defendants further agree to pay Class Representatives Isaiah Gerafino an enhancement fee of Seven Thousand Five Hundred Dollars and no cents ($7,500.00), Sara Faust an enhancement fee of Two Thousand Five Hundred Dollars and no cents ($2,500.00), Chelsea Lindman an enhancement fee of Two Thousand Dollars and no cents ($2,000.00), Virginia Worley an enhancement fee of Two Thousand Dollars and no cents ($2,000.00), Rosalina Walter an enhancement fee of Two Thousand Dollars and no cents ($2,000.00), and Thomas Campbell an enhancement fee of Two Thousand Dollars and no cents ($2,000.00), for their services as Class Representatives (the "Enhancement Fees").  These payments are in addition to the claim share to which the Class Representatives are entitled along with other claiming Class Members.

vi.    <u>Incentive Awards</u>:  Subject to Court approval, and as part of Defendants' maximum payment amount (as described in Paragraph 12(c), above), Defendants further agree to pay Incentive Awards to Mohammad Hadi, an incentive award of Five Thousand Dollars and no cents ($5,000.00), and Golam Chowdhury an incentive award of Three Thousand Dollars and no cents ($3,000.00) (the "Incentive Awards").  These payments are in addition to the claim share to which the Incentive Award individuals are entitled along with other claiming Class Members.

vii.    Defendants will issue an IRS Form 1099 for the Enhancement Fees and Incentive Awards to the Class Representatives and Incentive Award individuals, and the Class Representatives and Incentive Award individuals will be responsible for correctly characterizing the payment for tax purposes and for paying any taxes due on the amounts received.  The Class Representatives and Incentive Award individuals agree to pay all taxes due on the Enhancement Fees and the Incentive Awards.  Defendants will pay the Enhancement Fees and Incentive Awards within Ten (10) calendar days following the Effective Date (as set forth in Paragraph 12(b) above).

viii.    <u>Mailing Of Settlement Payments</u>:  Class Counsel shall cause the NSA Payments and all Enhancement Fees and Incentive Awards to be mailed to the Qualified Class Members within approximately Ten (10) calendar days of the Effective Date, as set forth in Paragraph 12(b), above.

viii.    Qualified Class Members will have Ninety (90) calendar days after mailing by the Defendants' Counsel to cash their settlement payments.  If Qualified Class Members do not cash their settlement payment checks within the 90 day period, their settlement checks will be void and a stop-pay will be placed.  In such event, Defendants will wait another Two Hundred and Seventy Five (275) days for the Settlement Class Member to request a replacement check.  All uncashed settlement payments shall be returned to Defendants.

d.    <u>Resolution of Disputes</u>:  In the event a Class Member disputes the number of weeks worked, for which he or she is entitled to receive credit under the Settlement, Class Counsel shall forward said dispute to Defendants' counsel and Defendants, who will seek to resolve the dispute.  Defendants' regularly maintained business records shall be deemed to control in the event of such a dispute. The Class Member must submit information or documents supporting his or her position Ten (10) days of the date his or her receipt of the NSA payment. Information or documents submitted after Ten (10) days will not be considered, unless otherwise agreed to by the Parties.  In no event shall any payment paid pursuant to a dispute resolution cause Defendants' maximum total payment, as set forth in Paragraph 12(b) above.

e.    <u>Right to Rescission</u>:

i.    If the total number of Class Members who opt out of the Settlement Class exceeds Twenty Percent (20%) of the total number of Class Members, Defendants shall have the right in its sole discretion to rescind and void the Settlement at any time prior to final approval by the Court by giving written notice to Class Counsel.

14

ii.     In the event that the Court does not approve the Settlement, and the basis for the Court's disapproval of the Settlement does not involve a material term of this Stipulation of Settlement, the Parties shall make good faith efforts to modify this Stipulation of Settlement so as to gain the Court's approval.  In the event that the Court issues an order preliminarily or finally approving the Settlement in a form materially different from this Stipulation of Settlement, the Parties shall each have Ten (10) days to withdraw from the Settlement, which may be exercised immediately upon submission of written notice to the other Party and filing with the Court.  If either Party chooses to exercise the right to withdraw as set forth in this paragraph, the Settlement shall be null and void for all purposes, and the Parties shall be restored, without prejudice, to their respective pre-settlement litigation positions.

## CLAIMS ADMINISTRATION

13.    Class Counsel will send out to the Class Members the Notice of Pendency of Class Action and Proposed Settlement.  Defendants will issue NSA Payments in accordance with this Stipulation of Settlement and deliver to Class Counsel.  Class Counsel will send out NSA Payments to Class Members in accordance with this Stipulation of Settlement.  All disputes relating to Class Counsel's  performance of its duties shall be referred to the Court, if necessary, which shall have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Stipulation of Settlement have been fully carried out.

## ATTORNEYS' FEES AND COSTS

14.    Subject to paragraph 11 above, and in consideration for settling these matters and in exchange for the release of all claims by the Settlement Class, and subject to final approval and/or modification by the Court, Defendants agree not to oppose an award by the Court of Class Counsel attorneys' fees and costs (which includes all past, present and future costs and expenses

incurred by Class Counsel in prosecuting Plaintiffs' claims in the Lawsuit) in the total amount of 33.33% of the maximum total payment (after deduction of costs, detailed below) under the Settlement, or **$583,333.00**  The attorneys' fees are to compensate Class Counsel for all the work already performed in the Lawsuit, and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining dismissal with prejudice of the Lawsuit.  The attorneys' fees and costs approved by the Court shall be paid to Class Counsel within Ten (10) calendar days following the Effective Date (as set forth in Paragraph 12(b), above) or within Ten (10) calendar days of the resolution of any appeal if an appeal is filed and is unsuccessful.

## NOTICE TO THE CLASS

15.    A Notice of Class Action and Proposed Settlement ("Notice") approved by the Court shall be sent by Class Counsel to the Class Members by first class mail.  A copy of the Proposed Notice agreed upon by the Parties is attached hereto as Exhibit A.  Any returned envelopes from these mailings with forwarding addresses will be utilized by Class Counsel to forward the Notice to the Class Members.

a.    Within Fifteen (15) days of the date that the Court grants preliminary approval of this Settlement, Defendants shall provide to Class Counsel a database, which will list each Class Member's name, last known address, and social security number.  Class Counsel agrees to use this data solely for the purposes of effectuating this Settlement and will comply with all state and federal laws that protect the privacy of current and former Jean-Georges employees.  This database shall be based on Defendants' payroll and other business records.  Class Counsel agrees to consult with Defendants prior to the production date to ensure that the format will be acceptable.  Class Counsel will, if necessary, run a check of the Class Members' addresses against those on file with the United States Postal Service's National Change of Address List; this check will be performed only once per Class Member.  Within Ten (10) calendar days after

16

the database is provided to Class Counsel, Class Counsel will mail the Notice to the Class Members.

b.      Class Members may opt out of, or exclude themselves from, the Settlement Class under Federal Rule Civil Procedure 23 by mailing to the Class Counsel a written statement expressing their desire to be excluded from the class.  The statement must include their name (and former name), current address, telephone number, social security number, and the dates of employment with Defendants.  Any such written exclusion must be post-marked not more than Forty Five (45) calendar days after the date Class Notice is mailed to the Settlement Class – a copy of all written exclusions must also be sent to Defendants' counsel.  Written exclusions that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective.  Persons who are eligible to and do submit valid and timely exclusion statements will not participate in the settlement, nor will they be bound by the terms of the proposed settlement, if it is approved, or the final judgment in this action.  Any Class Member who fails to exclude him/herself from the settlement pursuant to this Paragraph will become a Plaintiff and designates the Class representatives as their representative to make decisions on their behalf concerning their state wage claims.  Any Class Member who fails to exclude him/herself from the settlement will be deemed a participant whose rights and claims are determined by the terms of this Agreement, including the release provisions this Agreement, as approved or modified by the Court.  Settlement Class Members shall be permitted to rescind their exclusion statements in writing by submitting a rescission statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing or as otherwise ordered by the Court.

c.      Notices returned to Class Counsel as non-delivered during the Forty-Five (45) day period for filing claims shall be resent within Seven (7) days to the forwarding address, if any, on the returned envelope.  Class Counsel will resend a returned Notice to a forwarding address only one time per Class Member.  If there is no forwarding address, Class Counsel may do a computer search for a new address using the Class Member's social security number; this search will be

17

performed only once per Class Member. Upon completion of these steps by Class Counsel, the Parties shall be deemed to have satisfied their obligation to provide the Notice to that Class Member and the member shall be bound by all the terms of the Stipulation of Settlement and the Court's order and final judgment.

d.      Class Counsel shall provide to the Court, at least Five (5) days prior to the final approval hearing, a declaration, signed by Class Counsel, of due diligence and proof of mailing with regard to the mailing of the Notice of Pendency of Class Action and Proposed Settlement.

e.      Class Members who wish to object to this settlement must do so in writing or appear in person at the final approval and fairness hearing. Those who wish to object in writing must state the basis of the objection and mail the objection to Class Counsel and Defendants' Counsel postmarked on or before Forty Five (45) calendar days after the date Class Notices are mailed to the Class Members. Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to Class Counsel and Defendants' Counsel not later than one (1) business day prior to the Court's final approval hearing, or otherwise ordered by the Court.

## RELEASE BY THE NAMED PLAINTIFFS AND THE CLASS

16.    a.      Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, the Settlement Class and each Class Member who has not opted out of this Settlement in a timely manner, on their behalf, and on behalf of their respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Jean-Georges Enterprises LLC, Jean-Georges Management, Perry Street Project LLC; Triomphe Restaurant Corp., d/b/a Jean-Georges Restaurant and Nougatine; Origine LLC d/b/a JoJo Restaurant; Spice Market LLC; Leonard Street LLC d/b/a 66 Restaurant and Jean-Georges Vongerichten and each of its present and former parent companies, subsidiaries, related or affiliated companies,

shareholders, officers, directors, employees, members, managers, co-joint venture, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them, ("Releasees") from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints or suits of any type or nature which relate to the nonpayment or inaccurate payment of tips and wages under any federal, state or local law, including but not limited to New York and Federal law (29 U.S.C. § 201, *et. seq.,* New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs) and any other claims whatsoever alleged in the Lawsuit and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, penalties of any nature whatsoever, other compensation or benefits, including 401(k) benefits or matching benefits, retirement or deferred compensation benefits claims on account of unpaid wages, tips, overtime, and/or other compensation, attorneys' fees and costs, whether known or unknown, to the date of the Court's order granting final approval of this Settlement, arising from the Class Members' employment by Defendants.  In addition, all Class Members who have not submitted a valid Request for Exclusion From Class Action Settlement form forever agree that they, and each of them, shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against Defendants, relating to the claims being settled herein for any period up to and including the date of the Court's order granting final approval of this Settlement.

17.    The Class Members who have not opted out of this Settlement in a timely manner, expressly waive any claim or right to assert hereafter that any claim, demand, obligation, and/or cause of action has, through ignorance, oversight, or error, been omitted from the terms of this Agreement.

18.     If the Settlement is approved by the Court and not otherwise terminated, the Court will modify and enter the judgment dismissing the Lawsuit with prejudice, and bar and permanently enjoin all Class Members, including all Class Members who file a Request for Exclusion From Class Action Settlement form (whether such form is valid or invalid), from participating in any other collective or class action lawsuit against the Releasees, or any of them, concerning the Claims settled in the Lawsuit.  Those Class Members who opted out of this Settlement in a timely manner retain the right to pursue an individual claim or action.  The right to opt out of this Settlement may be exercised individually only by a Class Member and not by any other person in a representative capacity.

19.     The Defendants shall be entitled to insert language on the back of each check issued to Qualified Class Members or in a cover letter to be sent out together with NSA Payments that indicates that by depositing such checks, the Qualified Class Member agrees that he/she has been paid in full for any and all FLSA and New York State Labor Law claims he/she may or might have had against Defendants.

<u>**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**</u>

20.     The Parties shall promptly submit this Stipulation of Settlement to the Court in support of Plaintiffs' Motion for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness.  Promptly upon execution of this Stipulation of Settlement, the Parties will in good faith stipulate to and seek dismissal of the Lawsuit filed by Plaintiffs in the Southern District of New York (Case No.: 07 cv 6729).  Plaintiffs shall apply to the Court for the entry of an order substantially in the following form:

a.      Scheduling a final approval hearing on the question of whether the Settlement, including payment of attorneys' fees and costs, the Class Representative's Enhancement Fees and the Incentive Awards should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class;

b.      Approving as to form and content the proposed Notice;

c.      Approving as to form and content the proposed Request for Exclusion From Class Action Settlement form;

d.      Directing the mailing of the Notice of Pendency of Class Action and Proposed Settlement, and providing the Class Members an opportunity to submit a request to be excluded from the settlement by first class mail to the Class Members;

e.      Preliminarily approving the Settlement subject only to the objections of Class Members and final review by the Court;

f.      Preliminarily approving costs of administration; and

g.      Enjoining Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings (including filing claims with the New York Department of Labor) regarding claims released by the Settlement unless and until such Class Members have filed valid Request for Exclusion From Class Action Settlement forms with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

**<u>DUTIES OF THE PARTIES AFTER PRELIMINARY APPROVAL AND<br>PRIOR TO FINAL APPROVAL</u>**

21.    On or before the date that is Fourteen (14) days prior to the final approval hearing, Defendants' shall provide Class Counsel with an electronic spreadsheet containing the number of workweeks worked by Settlement Class Members within the Class Period. On or before the date that is Five (5) days prior to the final approval hearing, Class counsel shall provide Defendants counsel with a list of the settlement amounts for all Settlement Class Members.

22.    a.    Prior to the final approval hearing, Class Counsel will prepare and, after review and approval by Defendants, submit to the Court a proposed final order and judgment of dismissal with prejudice:

      i.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

      ii.    Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs including any request for costs for administration – which will come out of the Settlement;

      iii.    Approving the Enhancement Fees to the Class Representatives and the Incentive Awards; and

      iv.    Dismissing the Lawsuit with prejudice, and barring and permanently enjoining all Qualified Class Members from participating in any other collective or class action lawsuit against the Releasees, or any of them, concerning the Claims settled in the Action. Those Class Members who submit a valid Request for Exclusion From Class Action form retain the right to pursue an individual claim or action but not a collective or class action.

      b.    No later than Thirty (30) days after the all payments are made pursuant to this Agreement, Class Counsel shall return to Defendants all documents and/or data provided to Class Counsel by Defendants related to the Lawsuit and Settlement of the Lawsuit, unless otherwise agreed by both Parties.

## PARTIES' AUTHORITY

23.    The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto, and upon the Court's order granting final approval of this Settlement the Class Members, to the terms and conditions thereof.

## MUTUAL FULL COOPERATION

24.    The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.  The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein.  As soon as practicable after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and cooperation of Defendants and its counsel, take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

25.    Defendants and its counsel agree that they will not attempt to discourage Class Members from requesting to be exclusion from this Class Action Settlement.  It is understood that Class Counsel may provide legal advice and counsel only to those Class Members who initiate and seek such advice from Class Counsel.  Class Counsel will not initiate contact with Class Members for purposes of encouraging Class Members to participate in this Settlement or encouraging them to opt-out.

## NO PRIOR ASSIGNMENTS

26.    The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

27.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the

part of Defendants or any of the Releasees. The Parties have entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

## ENFORCEMENT ACTIONS

28.    In the event that one or more parties to this Stipulation of Settlement institutes a legal action or other proceeding against any other party or parties to enforce the provisions of this Stipulation of Settlement or to declare rights and/or obligations under this Stipulation of Settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## NOTICES

29.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Plaintiffs and the Settlement Class:

D. Maimon Kirschenbaum
Charles Joseph
Joseph & Herzfeld LLP
757 Third Avenue, 25th Floor
New York, New York  10017

To Defendants:

Kathleen M. McKenna
Elise M. Bloom
Brian J. Gershengorn
Proskauer Rose LLP
1585 Broadway
New York, New York  10036

30.    All notices, demands or other communications by and between counsel for the Parties shall be in writing, transmitted via e-mail or facsimile, and shall be deemed to have been duly given as of the third business day after transmission.

## CONSTRUCTION

31.    The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

32.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

33.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

34.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous

agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are superseded by this Agreement. No rights hereunder may be waived except in writing. This is an integrated agreement.

## BINDING ON ASSIGNS

35.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

36.    It is agreed that because the number of Class Members is so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement. The Notice of Pendency of Class Action and Proposed Settlement will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Stipulation of Settlement were executed by each Class Member.

## COMMUNICATIONS REGARDING SETTLEMENT

37.    Except as required by law with respect to the identity of the Lawsuit, or in connection with court filings that Class Counsel believes are necessary to obtain approval of this Settlement, the Class Representatives and Class Counsel, and any consultant or other person acting on their behalf, shall not publicize or discuss with third parties the Lawsuit or any terms of the Settlement of the Actions beyond a statement that the Lawsuit has been settled on terms mutually agreeable to the Parties. The Class Representatives and Class Counsel, on their own behalf, and other persons acting on their behalf, agree that they will not contact any representative of the media (press, television, radio or internet) or make any press release or public statement concerning this Settlement, and if contacted by any representative of the media or press, Class Counsel and/or the Class Representatives will only state that the matter has been satisfactorily resolved on

mutually agreeable terms.  Any other statements to the any media, including any weblog, must be explicitly agreed upon in writing by the Parties.  Further, Class Counsel and the Class Representatives agree that they will not post any information concerning this Settlement on any website or on any other form of advertisement or public information.  Consistent with the terms hereof, Class Counsel may communicate appropriately with Class Members or their representatives, and with accountants or legal advisors regarding the settlement.

## STAY OF PROCEEDINGS

38.    Pending completion of the settlement process, the Parties agree to stay all proceedings in the Lawsuit, except such as are necessary to implement the settlement itself.

## COUNTERPARTS

39.    This Stipulation of Settlement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to the Parties and each of them.


Dated:  September _16_, 2008

      PROSKAUER ROSE LLP
      KATHLEEN M. MCKENNA
      ELISE M. BLOOM
      BRIAN J. GERSHENGORN

      Kathleen M. McKenna
      Attorneys for Defendants

Dated:  September 11, 2008

      JOSEPH & HERZFELD LLP

      D. Maimon Kirschenbaum
      Charles Joseph

      LAW OFFICES OF JEFFREY E. GOLDMAN
      Jeffrey E. Goldman

      Attorneys for Plaintiffs

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

ISAIAH GERAFINO, LENFORD :    Civil Action No.: 07-6729 (RJS) (JCF)
JOHNSTON, SARA FAUST, SUKOL :
PHAIROJ, CHELSEA LINDMAN :
VIRGINIA WORLEY, ROSALINA :
WALTER and THOMAS CAMPBELL on :
behalf of themselves and all other similarly :
situated, :
         :
         :
       **Plaintiffs,** :
         :    <u>NOTICE OF SETTLEMENT OF CLASS</u>
    -against- :    <u>ACTION LAWSUIT</u>
         :
JEAN-GEORGES ENTERPRISES, LLC; :
JEAN-GEORGES MANAGEMENT LLC; :
PERRY STREET PROJECT LLC; :
TRIOMPHE RESTAURANT CORP. d/b/a :
JEAN GEORGES RESTAURANT and :
NOUGATINE; ORIGINE LLC d/b/a JOJO :
RESTAURANT; SPICE MARKET LLC; :
LEONARD STREET LLC d/b/a 66 :
RESTAURANT; JEAN-GEORGES :
VONGERICHTEN and JOHN DOES 1-10 :
         :
       **Defendants.** :
        

---------------------------------------------------------- x

TO:    **ALL PERSONS WHO WERE EMPLOYED BY DEFENDANTS AS A SERVER, FRONT WAITER, CAPTAIN, BUSSER, RUNNER, "OFFICE" WORKER, COFFEE WORKER, COCKTAIL WAITRESS/WAITER, BARTENDER AND BAR BACK AT ANY TIME DURING THE PERIOD FROM JULY 26, 2001, THROUGH _____ ___, 2008 (THE DATE OF PRELIMINARY APPROVAL), INCLUSIVE---("THE CLASS PERIOD")—AT ANY OF THE FOLLOWING RESTAURANTS: JEAN-GEORGES, JOJO, SPICE MARKET, 66 AND PERRY STREET.**

### PLEASE READ THIS NOTICE CAREFULLY

**You may be a Class Member who is entitled to receive money under a proposed class action settlement. You should read this Notice carefully.**

**If you are eligible, Plaintiffs and Defendants encourage you to participate in this Settlement. Defendants will not retaliate against any current or former employees who claim their share of this one million, seven hundred and fifty thousand dollars ($1,750,000.00) settlement.**

- If you have any question regarding this notice, questions concerning how to complete the attached forms, or questions concerning the calculation of your share of the settlement fund contact Class Counsel, D. Maimon Kirschenbaum, Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; (212) 688-5640; fax (212) 688-2548.

### IMPORTANT DEADLINES:

- **Last Day To "Opt Out" Of The Settlement Class: _____ [45 days after mailing of the notice of the Settlement]**

- **Last Day To Object To The Settlement: _____ [45 days after mailing of the notice of the Settlement]**

### INTRODUCTION

A class action was brought against Defendants which raises claims for unlawful recovery of certain tips, alleged unpaid wages and/or overtime compensation, and other alleged penalties. The parties to the lawsuit reached a settlement which has been granted preliminary approval by the United States District Court for the Southern District of New York. This Notice informs you about your rights and options under the settlement.

If finally approved, the proposed settlement will resolve all claims alleged in this lawsuit, including but not limited to any claims, for any unpaid wages, overtime and/or tips under state and federal law and interest and/or penalties. A hearing will be held _____ at _____:00 ___a.m. before the Honorable Richard J. Sullivan, United States District Judge of the United States District Court for the Southern District of New York (Judge Sullivan), in Courtroom _____, of the United States District Courthouse, 500 Pearl Street, New York, New York 10007, to address whether a proposed settlement of claims against Defendants is fair and reasonable and should be approved.

**If you do not choose to Opt-Out of the Settlement Class, you will be bound by the terms of this Settlement.**

### WHAT IS A CLASS ACTION?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class.

2

## WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Sullivan has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you:

- Of your right to money under the Settlement;

- That the Settlement Class has been certified and that if you do not "opt-out" of the Settlement Classes you will be bound by the terms of the Settlement Agreement and release your right to sue Defendants for unpaid wages, overtime compensation, and penalties during the time you were a Class Member;

- Of your right to "opt-out" of the Settlement Class, and not be bound by the Court's judgment in this matter and the terms of the Settlement Agreement;

- Of your right to file objections to the Settlement.

## WHAT IS THIS CASE ABOUT?

This action, commenced on or about June 26, 2007, is brought by several former tipped employees employed collectively by Defendants at Jean-Georges, Perry St., Spice Market, JoJo and 66 restaurants, filed this class/collective action lawsuit against Defendants in the United States District Court for the Southern District of New York, Civil Action No. 07 CV 06729 (RJS)(JCF).  The lawsuit alleges Defendants violated federal and state labor laws governing the payment of minimum and/or overtime wages to tipped employees and employers retention of employees' tips.  Such laws include the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.,* New York Labor Law §§ 191,193, 196-d,198-b, 650, *et. seq,* 652, and 663 and relevant sections of N.Y. Comp. Codes R. & Regs.  Specifically, the Complaint contends that Defendants: (1) systematically altered hourly employees' time cards so as not to reflect all of the time they actually worked, (2) illegally retained portions of employees' tips by allowing non-tipped employees, such as managers and/or other employees who do not provide direct customer service, to share in the tip-pool, (3) failed to pay their employees minimum and overtime wages, and (4) failed to pay New York State's spread of hours premium.

## WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the total sum of one million, seven hundred and fifty thousand dollars ($1,750,000) (including attorneys' fees and expenses, enhancement and incentive fees).

### Monetary Payment

If the Settlement is given final approval by the Court, the maximum amount that Defendants will have to pay is $1,750,000. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the two hundred seventy thousand dollars ($1,750,000) prior to distribution of the settlement funds to the Class Members:

3

- Enhancement and Incentive fees: If the Court approves such payment, the total of $26,000 will be paid out to: Isaiah Garefino, Sarah Faust, Chelsea Lindman, Virginia Worley, Rosalina Walter, Thomas Campbell Mohamed Hadi and Golam Chowdhury. This payment is made because these individuals provided many hours of service to the class by helping class counsel to formulate claims and by providing documents to support the case.

- Attorneys Fees: Class Counsel will apply to the Court for attorneys' fees and costs in the amount of 33.33% of the total class recovery (after deduction of costs), which amounts to $583,333.00. This amount will be requested given the hundreds of hours class counsel spent in pursuing this case on behalf of the Class Members, given the risks that Class Counsel took that no fees would be recovered, and given the result achieved for the Class Members.

If the Court approves these payments, after these deductions, the remaining $1,140,667.00 in settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated" section, below.

**Dismissal of Case and Release of Claims**

In exchange for the payment set forth above, this action will be dismissed with prejudice, and the Class Members will fully release and discharge Defendants from any claims for unpaid wages, tips, overtime pay, unpaid travel time, unpaid waiting and unrecorded time, spread of hours violations and failure to maintain and furnish employees with proper wage records, and all other claims that were or could have been asserted in this lawsuit under the FLSA, or state wage and hours laws, up to and including the date of final court approval of the settlement which is projected to occur on or about _____, 2008. **It is very important that you understand the terms of the Release. If you have any questions concerning the release of your claims against Defendants, or questions concerning the calculation of your shares of the settlement fund you may wish to contact Class Counsel regarding the scope of the Release.** When the claims for unpaid wages, failure to pay minimum wage, illegal retention of employees' tips, and unpaid overtime, are dismissed with prejudice, that means the Court will not consider claims any further; in other words, the case is over. When claims are released, that means no one covered by the release can sue Defendants over those claims.

**<u>WHAT ARE YOUR OPTIONS?</u>**

You have several options. Make sure you read this section carefully and submit the proper forms before the deadlines listed in this section.

1.    **Participate in the Settlement:**

If you are a class member and do not opt-out of this Settlement, you will recover your share of the Settlement funds.

2.    **Opt-Out of the Settlement Class:**

4

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you must opt out of the Settlement by_____, 2008. If you do not Opt Out, you will be bound by the terms of this Settlement. To Opt Out you must send a letter which states clearly your intent to opt-out, postmarked no later than_____, 2008. You must include your Name, Social Security Number, and the period for which you worked for Defendants in a Class Position. If you choose to opt-out, send your letter to:

<table>
<tr><td align="center">Class Counsel:<br><br>D. Maimon Kirschenbaum<br>Joseph & Herzfeld, LLP<br>757 Third Avenue<br>New York, NY 10017<br>Tel (212) 688-5640; fax (212) 688-2548</td></tr>
<tr><td align="center">Defense Counsel:<br><br>PROSKAUER ROSE LLP<br>Kathleen M. McKenna<br>Elise M. Bloom<br>Brian J. Gershengorn<br>1585 Broadway<br>New York, NY 10036-8299<br>Telephone (212) 969-3000</td></tr>
</table>

**3.      Objecting to the Settlement:**

If you wish to comment on, or object to, the proposed Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and costs, you may do so.  Written comments or objections must be postmarked by_____, 2008, and sent to both addresses below:

<table>
<tr><td align="center">Class Counsel:<br><br>D. Maimon Kirschenbaum<br>Joseph & Herzfeld, LLP<br>757 Third Avenue<br>New York, NY 10017<br>Tel (212) 688-5640; fax (212) 688-2548</td></tr>
<tr><td align="center">Defense Counsel:<br><br>PROSKAUER ROSE LLP<br>Kathleen M. McKenna</td></tr>
</table>

5

Elise M. Bloom
Brian J. Gershengorn
1585 Broadway
New York, NY 10036-8299
Telephone (212) 969-3000

You are not required to submit a comment or objection.

## HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Class Member will receive a share of the $1,750,00.00 in Settlement Funds that remains after the deductions of the enhancement and incentive payments, and attorney's fees and costs listed above. Your share will depend on the number of weeks you worked within the applicable class period and the job position(s) you worked in. If you do not want to participate in the Settlement because of the factors that will be applied to your claim, you may choose to opt out of the Settlement Class and pursue an individual legal action against Defendants.

### Distribution Allocation and Examples of Recovery

To calculate your share, the Class Counsel will determine the number of weeks you worked within the Class Period.

1. The total number of weeks you worked for Defendants, if you were a Server, Front Waiter, Captain, Cocktail Server and/or Bartender, will be multiplied by 7 to determine your Base Points.

2. The total number of weeks you worked for Defendants, if you were a Runner and/or Barback, will be multiplied by 5 to determine your Base Points.

3. The total number of weeks you worked for Defendants, if you were a Busser, Office, Sommelier and/or Coffee employee, will be multiplied by 4 to determine your Base Points.

The differences between the multipliers are based on Class Counsel's assessment of the relative strengths of the various damages per plaintiff, based on each employee's points received in the tip-pool while employed by Defendants.

If you remain in the Class, you will receive your pro-rata share of the $1,140,667.00 based on the percentage of your Total Points to all of the points for all of the Class Members combined. For example, if your Total Points equaled .1% of all the points for all of the Class Members combined, you would receive $1,140.66. If your Total Points equaled half of a percent of all the points for all of the Class Members combined, you would receive $5,703.33.

6

In general, the longer you worked for Defendants, the more money you will receive. However, these are just examples to illustrate how the calculation formula might be used to distribute the Settlement Fund. The amount you will recover will change according to the number of Class Members who participate in the Settlement.

### Uncashed Checks

You will have ninety (90) calendar days after mailing by the Defendants' Counsel to cash your settlement check. If you do not cash your settlement check within the 90 day period, your settlement check will be void and a stop-payment will be placed. If this happens, Defendants will wait another two hundred and seventy five (275) days for you to request a replacement check.

### EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York 10007. Additionally, you may contact Class Counsel.

If you have questions about this Notice, or want additional information, you can contact the D. Maimon Kirschenbaum, at Joseph & Herzfeld, LLP, 757 Third Avenue, New York, NY 10017; tel (212) 688-5640; fax (212) 688-2548.

6264/40909-002 Current/12016783v2